## THE S. C. L. NO. 9.

## GENERAL CHEMICAL CO. v. LAVINO SHIPPING CO.

### No. 137.

District Court, E. D. Pennsylvania.

Jan. 30, 1941.

See also D.C., 37 F.Supp. 386.

Owen B. Rhoads, of Philadelphia, Pa., and Hill, Rivkins & Middleton, of New York City, for plaintiff-libelant.

Otto Wolff, Jr. (of Lewis, Wolff, Gourlay & Hemphill), of Philadelphia, Pa., for defendant-respondent.

KALODNER, District Judge.

Three admiralty cases were tried together before me without a jury. Included among them was this case.

On November 29, 1939, I entered an interlocutory decree awarding the libelant (General Chemical Company) recovery of its damages against the respondent (Lavino Shipping Company) with interest and costs. The decree was affirmed on appeal. The S.C.L. No. 9, 3 Cir., 114 F.2d 964.

The libelant has presented an interlocutory decree on mandate affirming the interlocutory decree previously filed. The respondent objects to the entry of the interlocutory decree so far as the allowing of interest is concerned.

The grounds of the objection are these:

(1) The appeal to the Circuit Court required that the case be heard de novo by the Appellate Court. Consequently, the allowance of interest is now presented to me for the first time, and I must now exercise discretion in allowing or disallowing interest.

(2) The libelant joined in the respondent's appeal from the decree awarding damages to S. C. Loveland Co., Inc. (the carrier), for damages to the latter's lighter (the cases having been tried together). In joining in this appeal the libelant took the position that the lighter was unseaworthy. This was the same position taken by the respondent in its appeal.

Thus, respondent contends, its delay in paying libelant the damages awarded, so far as concerns the time consumed in the appeal is concerned, was, therefore, as much the libelant's fault as the respondent's; and that consequently no interest should be allowed for that period, whether it is allowed for any other period or not.

(3) The libelant did not file its libel against respondent for a period of about six months after the libelant's loss occurred. Since interest in cases such as these is not allowed qua interest, but only

as compensation for delay in paying damages, consequently it is urged the libelant is not entitled to interest for the period between the time the loss occurred and the time its libel against the respondent was filed.

As to (1): It is unnecessary for me to pass upon the question whether my award of interest in the interlocutory decree was or was not premature; or upon the question whether, since the appeal brought the case de novo before the Circuit Court, I am now theoretically for the first time confronted with the question of allowing interest.

■ It is conceded that allowance of interest is discretionary with the trial court. The Bessemer (United States v. Atlantic Refining Co.), D.C., 10 F.Supp. 45.

■ At the time the interlocutory decree was filed I was of the opinion that interest on the damages (or what amounts, for all practical purposes, to the same thing—compensation for delay in payment of damages) should be allowed. I am of the same opinion now. As a general proposition, therefore, interest will be allowed, regardless whether the allowance springs from the Circuit Court's affirmance of my interlocutory decree, or from a present de novo consideration of the question on my part.

As to (2): There is no merit in this contention. The libelant's position in joining in the appeal is quite clear. It was certainly within the realm of possibility that the Appellate Court would reverse my findings upon which rested the award of damages to the libelant against this respondent. The libelant was clearly not at fault. As I pointed out in my opinion (The S.C.L. No. 9, 37 F.Supp. 386, filed September 19, 1939), it was entitled to damages from the stevedore company (the respondent herein), or from the lighter company (Loveland), or from both. However, in the event the Circuit Court would have reversed the award of damages against the respondent herein, and the General Chemical Company, the libelant, had done nothing to protect its interests by appealing from my exoneration of the lighter company, it might conceivably have been left without an award against either. Since the libelant was an innocent party entitled to damages from one or both of two possible wrongdoers, it could hardly be expected to run the risk of such an eventuality. Indeed, the libelant's proctors might have been charged with grave neglect in failing to protect their client's position in the manner that they did. The position they took in the Appellate Court was, therefore, eminently proper, and the libelant should not be penalized therefor by withholding from it interest (or compensation for delay in payment) for the period consumed by the appeal.

The respondent herein argues further, however, that since in the Appellate Court the proctors for the libelant urged the unseaworthiness of the lighter—as did the respondent—consequently, the libelant, by implication, necessarily conceded the propriety of the position taken by the respondent in refusing to pay any damages until an award was ultimately made by a court.

This is a non-sequitur. The libelant has steadfastly maintained throughout all this litigation that the damage to it resulted from two causes—the unseaworthiness of the lighter, and the improper loading by the stevedore (the respondent). This is a far cry from any concession, implied or expressed, of the validity of the respondent's contention that it was the unseaworthiness of the lighter alone that caused the damage to the libelant's cargo (the latter being the implication inherent in the respondent's argument). Nothing more need be said on this phase of the question.

■ As to (3): An unreasonable or unconscionable delay in filing a libel might conceivably affect the right to interest or compensation for the period of the delay. I cannot say, however, without any more facts before me, that six months is so unreasonable or unconscionable a time. Some period must be allowed for investigation of facts, legal research and preparation of pleadings. Perhaps the libel could have been filed a month or two earlier. However, from the standpoint of the amount of interest involved, it would be de minimis to draw the line so close. I do not consider, in the present state of the record, that I can hold that there was any unreasonable delay in filing the libel in this case.

I, therefore, consider it proper that the interlocutory decree on mandate be signed in the form submitted by the libelant.

### Interlocutory Decree on Mandate.

And now, to wit, this 30th day of January, 1941, an appeal having been taken to the United States Circuit Court of Appeals for the Third Circuit by Lavino Shipping

398

Company, respondent above named, from an interlocutory decree entered herein on November 29, 1939, and the said Circuit Court of Appeals having rendered its decision in writing and having handed down its mandate on the 29th day of October, 1940, wherein it was ordered and decreed that the said interlocutory decree of this Court be affirmed with costs to the libelant, General Chemical Company, in the sum of $131.21, now on motion of Hill, Rivkins & Middleton, and Owen B. Rhoads, proctors for the libelant, it is ordered, adjudged and decreed that the judgment recited in the said mandate of the said Circuit Court of Appeals be and the same hereby is made the judgment of this Court; and it is further ordered, adjudged and decreed that the libelant above named, General Chemical Company, have and recover of and from the respondent Lavino Shipping Company and its stipulators for costs, its costs as taxed in the said Circuit Court of Appeals and the damages sustained by the libelant by reason of the matters and things set forth in the libel, with interest and costs; and it is further ordered, that if the parties hereto cannot agree as to the amount of such damages, that it be referred to James .H. Molloy, Esq., as Commissioner, to ascertain and compute the amount of such damages and report thereon to this Court with all convenient speed.