**O'DONNELL TRANSP. CO., Inc.**

v.

**CITY OF NEW YORK.**

**THE KOSCIUSKO.**

**THE DON.**

**THE ANNA F. O'DONNELL.**

No. 243, Docket 23020.

United States Court of Appeals,
Second Circuit.

Argued May 11, 1954.

Decided July 6, 1954.

Purdy, Lamb & Catoggio, New York City (Edmund F. Lamb and Thomas J. Irving, New York City, of counsel), for libellant-appellant.

Adrian P. Burke, Corporation Counsel, New York City (Anthony Curreri, Advocate, Seymour B. Quel and Barbara Carroll, New York City, on the brief), for respondent-appellee.

Before CHASE, Chief Judge, and HINCKS and HARLAN, Circuit Judges.

HARLAN, Circuit Judge.

This appeal challenges the propriety of so much of a final decree in admiralty as failed to allow interest on the amount of libellant's recovery.

The libellant, as charterer in possession of the barges "Kosciusko," "Don" and "Anna F. O'Donnell," instituted this action on February 28, 1948, in the District Court for the Eastern District of New York to recover damages for injuries allegedly inflicted upon those barges by reason of respondent's negligence on various dates between February 7 and April 22, 1946. Thereafter, respondent propounded certain interrogatories to be answered by libellant, among which were the following:

"11. State precisely what items of the alleged damages were actually repaired."

"12. State when and at what shipyard such repairs were made."
Exceptions to interrogatories 11 and 12, *inter alia,* were sustained by Judge Byers on September 11, 1948. Following a trial of the issues on April 18 and 21, 1952, Judge Abruzzo, on May 15, 1952, entered an interlocutory decree, together with findings of fact and conclusions of law, allowing recovery of damages sustained by the "Kosciusko" on February 27–28, 1946, and by the "Don" on March 27–28 and on April 20–22, 1946, with interest, and referring the matter to a Commissioner to take proof as to the amount of damages sustained and to report thereon to the Court.

At the hearing before the Commissioner the respondent first learned that at least one of the barges, the "Don," had not been repaired and had remained in operation until February 1950. From letters subsequently addressed to the District Court by the respondent, which are referred to hereafter, it appears that the same was true with respect to the "Kosciusko." On September 8, 1953, the Commissioner submitted his report recommending an award of $7,830.00, together with interest. No exceptions were taken to the Commissioner's report. Both parties thereafter submitted proposed decrees, that of the libellant including an award of interest and that of respondent omitting any such award. Prior to entry of the final decree, the attorneys for the respondent addressed two letters to the District Judge (sending copies to the attorneys for the libellant) in which they urged the Judge in his discretion to disallow interest on the award for the following reasons: (1) libellant had delayed institution of suit for two years after the injury complained of; (2) the barges were not repaired; and (3) the barges were continued in operation after the injuries.

On October 13, 1953, Judge Abruzzo issued a final decree which did not provide for interest on the award. Libellant, on October 23, 1953, moved for an

order resettling and correcting the final decree so as to provide for interest. On November 4, 1953, the Court denied the motion as follows:

> "The decision In re Hibbard, 2 Cir., 27 F.2d 686 leaves it discretionary with this Court. I do not see why interest should be allowed where not yet expended."

■ Libellant attacks the disallowance of interest by the District Court on essentially two grounds. The first is in effect that the Court was without power to recede from its allowance of interest in the interlocutory decree and from a similar recommendation contained in the Commissioner's report, to which no exceptions were taken. No authority is cited, nor are we aware of any, which would require a court, in framing a final decree, to adhere woodenly to the exact terms of a previous interlocutory decree where facts unknown to the court at the date of the interlocutory decree are thereafter brought to its attention. Indeed, the desire to afford opportunity for correction of error by the trial court itself underlies, in some measure, the rule ordinarily forbidding appeals from interlocutory orders. Nor can failure to object to the allowance of interest in the interlocutory decree be treated as a waiver of the right thereafter to raise the question where, as here, the respondent, despite previous efforts in that direction, was unable to ascertain the facts upon which its ultimate challenge rested until after reference of the matter to the Commissioner.

■■ We likewise find no substance in the libellant's assertion that the respondent's failure to take exception to the Commissioner's report, which recommended allowance of interest, constituted a waiver of the objection under Admiralty Rule 25(d) U.S.Dist.Ct.Rules for Southern and Eastern District of N. Y., which deprived the Court of power to disallow interest. The reference to the Commissioner comprehended only the assessment of damages. With respect to interest, the Commissioner was bound by the provisions of the interlocutory decree; his recommendation of interest, consequently, added nothing. True, at the date of the report respondent was aware of the fact that the barges had not been repaired and that they were continued in operation for some time after the injuries. But we do not read Rule 25 as requiring exceptions, on penalty of waiver, to matters not really within the scope of the Commissioner's functions. Moreover, that Rule provides only that in default of exceptions within ten days after the report is filed, the report *may* be confirmed *ex parte*. The record fails to indicate that libellant sought such *ex parte* confirmation; rather, it submitted a proposed final decree, in response to which respondent offered a counter-decree and raised, timely we think, its objections to the allowance of interest. Rule 25 in nowise deprives a court of power to frame its decree in accordance with the facts as presented. The allowance or disallowance of interest was a matter reserved by the interlocutory decree to the decision of the court. Being unable to present its objections at the time of that decree, respondent raised them at the next earliest opportunity—at the time of the framing of the final decree.

■ The second and more substantial ground upon which the libellant predicates error is that the District Court's two-sentence opinion denying the motion to resettle and correct its final decree constituted a pronouncement of a rule of law to the effect that interest may not be allowed where repairs have not been effected. Did we so read the opinion below, libellant would unquestionably prevail, for In re Hibbard, 2 Cir., 1928, 27 F.2d 686, from which we see no reason to depart, quite clearly negates the existence of any such ironclad rule of law in this circuit. But we do not read the District Court's opinion to adopt any such inflexible rule.

■ Respondent's objections to the allowance of interest were unequivocally addressed to the discretion of the Court.

And, consonant with many decisions in this and other circuits, the Court below clearly recognized that allowance or disallowance of interest is a matter within the discretion of the admiralty court. Dyer v. National Steam Nav. Co., 1886, 118 U.S. 507, 518–519, 6 S.Ct. 1174, 30 L.Ed. 153; In re Hibbard, supra; The Mary Doane, D.C. 1875, 16 Fed.Cas. 9,-205, p. 972. It is true, as urged by the libellant, that allowance of interest is the general rule and that disallowance is supportable only in the face of "exceptional circumstances." See The Wright, 2 Cir., 1940, 109 F.2d 699, 702. But it is equally clear that the rationale underlying the award of interest is the desire to make whole the injured party, see The President Madison, 9 Cir., 1937, 91 F.2d 835, 846, and the presence or absence of "exceptional circumstances" must always be determined in the light of that purpose.

Since the District Court denied interest expressly as a discretionary matter, the only question on this appeal is whether its action represents a supportable exercise of an admitted discretion under the particular circumstances of this case, viewed in light of the considerations mentioned above. We think it does.

In re Hibbard, supra, does not exclude the absence of repairs from the Court's consideration. Indeed, the award of interest in that case dated from the time when all the moneys would have been expended had the injured parties decided to effect repairs rather than construct a new bridge. And when coupled, as here, with a two-year unexplained delay in instituting suit and, more important, with continued use of the damaged vessels, we think the Court below was fully justified in exercising its discretion against the allowance of interest in the absence of repairs. Under such circumstances, we cannot say that interest was so necessary to make the libellant whole as to render the District Court's action an abuse of discretion.

We do not think it fatal that the Court, in its short opinion, failed to de-

tail all the circumstances supporting its decision. Those circumstances were clearly before the Court and the decision was obviously rendered in light of them. Once it is clear that a trial court has acted on a discretionary basis, the exercise of discretion is generally not disturbed on appeal where there are good reasons to support its action. Pennsylvania R. Co. v. Naam Looze Vennoot Schap, 4 Cir., 1919, 261 F. 269, 273.

Affirmed.