**Dina NICODEMISEN et al.,**

v.

**O/S/F/V DARTMOUTH, etc.**

No. 55–5.

United States District Court
D. Massachusetts.

Dec. 20, 1957.

On Motion for Taxation of Costs
Jan. 2, 1958.

Seymour P. Edgerton, Bingham, Dana & Gould, Boston, Mass., for libellant.

Edwin R. Trafton, Boston, Mass., Benjamin Thompson, Portland, Me., for libellee.

ALDRICH, District Judge.

This libel comes up on objections to a commissioner's finding of the amount of damages for detention of a fishing vessel. The objections are, in effect, that the evidence did not warrant the finding. The short answer might be that since the testimony is not reported, and I am merely given the benefit of two exhibits allegedly inconsistent with the commissioner's conclusions, there is nothing to overcome the presumption of correctness of his report based, in part,

on other evidence. Admiralty Rule 43½, 28 U.S.C.A. However, in view of the extensive discussion by both parties, I will make a few observations.

■ Claimant's principal complaint is that the commissioner has allowed "many times more profits" for nine weeks than libellant made during the entire year previous. Passing the point that prices were apparently considerably better during the detention period, claimant's argument is founded upon an erroneous premise. Libellant is entitled to more than such profits. It must also be recompensed for those expenses which continued throughout the detention period, or else the profits awarded would not be truly net.

■ There are two acceptable methods for accomplishing this. The one would be to determine net profits, plus all expenses not saved. The James McWilliams, 2 Cir., 42 F.2d 130. The other would be to determine gross profits, and deduct all expenses saved. The Potomac, 105 U.S. 630, 26 L.Ed. 1194. Either method should reach the same result. The commissioner adopted the latter, and I can not say on the record before me that there was any error in its application. The mere fact that it resulted in a figure much larger than net profits is not reason for rejecting it.

■ This ruling involves the approval of the commissioner's finding that there was no saving in annual hull and engine maintenance by reason of the detention, which was accordingly not deducted. Cf. The Potomac, supra; see Moore-McCormack Lines v. The Esso Camden, D.C.S.D.N.Y., 141 F.Supp. 742, note 11. With such a relatively short period of time involved, I could not quarrel with such a finding. Whether, on the other hand, I would agree with his view that insurance was saved, but cf. The Potomac, supra; Interlake S. S. Co. v. Great Lakes Transit Corp. (The James H. Hoyt), D.C.E.D.Mich., 18 F.2d 291, I need not determine, inasmuch as this finding was against libellant, and it has not objected.

There remains the question of interest. The libel was filed in January, 1955. The libellant was secured for judgment the following month. In August, 1955 the liability aspect was compromised, and a stipulation filed. A commissioner was appointed to determine damages January 6, 1956. Hearings before the commissioner were completed, apparently, during the year. Thereafter the commissioner moved from the jurisdiction and his report was not filed until October 1, 1957. He has found interest from the date of the libel.

■ Interest constitutes damages for delay in the payment of money. The figure of 6% is historical. For many years it has been unrealistic, at least when any judgment is secured. There is no suggestion that so much delay has been due to any action on the part of the claimant. The awarding of interest in admiralty is discretionary. While the award is normally made, O'Donnell Transp. Co. v. City of New York, 2 Cir., 215 F.2d 92, I think in this instance it would be a heavy burden to charge claimant with three years' interest and I believe two years would be the maximum appropriate. Cf. American Tobacco Co. v. The Katingo Hadjipatera, D.C.S.D.N.Y., 115 F.Supp. 269.

## On Motion for Taxation of Costs

■■ A question has arisen in this case with regard to costs. Prior to the time that the matter was referred to a commissioner for the ascertainment of damages, the parties entered into a stipulation that the respective damages to both vessels be determined; that costs to date were waived, and that the damages should be divided, libellant to recover 70% of the damages to her vessel, less 30% of the damages to claimant's vessel, and that the cost of the proceedings before the commissioner should be borne 70% by claimant and 30% by libellant. This last I take to refer only to the commissioner's fee. Certain other costs, notably for witnesses, were incurred by both parties in connection with these subsequent proceedings. Libellant

**342**

cites the general rule in this circuit that even where the damages are divided, absent special considerations, libellant recovers full costs. Pennsylvania R. Co. v. Golden, D.C.D.Mass., 243 F. 256. This rule relates primarily, however, to cases where no cross-claim was filed and where libellant's vessel sustained all of the injuries. In the case at bar the latter was not the situation. The rule invoked by libellant does not apply. The Horace B. Parker, 1 Cir., 76 F. 238, certiorari denied Chisholm v. Abbott, 164 U.S. 707, 17 S.Ct. 992, 41 L.Ed. 1184. I think it appropriate that the costs be divided. The stipulation does not refer to these costs, and I do not, accordingly, adopt its formula. Libellant is to recover her taxable costs attributable to proving her damages, less those of claimant attributable to its own.