AMERICAN SMELTING & REFINING CO. et al., Libelants,

v.

BLACK DIAMOND STEAMSHIP CORP. and Skibs A/S Jolund, Respondents.

United States District Court
S. D. New York.

Nov. 9, 1960.

Bigham, Englar, Jones & Houston, New York City, for libelants; Henry N. Longley, John W. R. Zisgen, New York City, of counsel.

Dow & Stonebridge, New York City, for respondent Black Diamond S.S. Corp.; Daniel L. Stonebridge, New York City, of counsel.

Pyne, Smith & Wilson, New York City, for respondent Skibs A/S Jolund; Warner Pyne, Albert Robin, New York City, of counsel.

DIMOCK, District Judge.

The question presented is whether to allow interest and district court costs to successful libelants.

This litigation grew out of the destruction by fire, with loss of life and cargo, of the Norwegian M/S Black Gull on July 18, 1952, off Nantucket while on a voyage from North European ports to New York. After lengthy proceedings which included two appeals, see D. C., 144 F.Supp. 47, reversed 2 Cir., 250 F.2d 777, 789, certiorari denied 356 U. S. 933, 78 S.Ct. 772, 2 L.Ed.2d 763; 2 Cir., 269 F.2d 68; 273 F.2d 61, certiorari denied 361 U.S. 934, 80 S.Ct. 374, 4 L.Ed.2d 355, libelants cargo-claimants succeeded in establishing their claims against the owner and charterer of the M/S Black Gull. On January 7, 1960, an interlocutory decree was entered in this court and the cause was referred to a commissioner to ascertain libelants' damages. The parties subsequently agreed that the damages recoverable by libelants, exclusive of interest and costs, totaled $2,151,023.62. Payment of this principal was made in five instalments over the period from May 24, 1960 to August 29, 1960, and the matter of interest and costs has been submitted to this court for decision. Libelants ask interest at 6% in the sum of $1,014,328.87 and that it be compounded from the respective dates of payment of the instalments of the principal. The charterer of the vessel, respondent Black Diamond Steamship Corp., opposes the imposition of interest, while the shipowner, intervening re-

spondent Skibs A/S Jolund, opposes the imposition both of interest and of district court costs.

■ It is true that the allowance of interest in admiralty suits rests within the discretion of the court. But the purpose of damages to make whole the injured party may be effectively served only if interest is awarded. It follows, therefore, that discretion may be utilized to disallow interest only in the face of "exceptional circumstances." O'Donnell Transportation Co. v. City of New York, 2 Cir., 215 F.2d 92, 95; The Wright, 2 Cir., 109 F.2d 699; see U. S. Willow Furniture Co. v. La Compagnie Générale Transatlantique, 2 Cir., 271 F. 184, 186.

■ One basis justifying either partial or total refusal of interest is unreasonable delay in the prosecution of the suit. See, e. g., O'Donnell Transportation Co. v. City of New York, 2 Cir., 215 F.2d 92, 95; Bushey v. Huron Stevedoring Co., 2 Cir., 56 F.2d 604; The Salutation, 2 Cir., 37 F.2d 337. I am unable to hold, however, that these proceedings were characterized by unreasonable delay.

■ The fire which generated this litigation occurred on July 18, 1952. Slightly more than three and one-half years later the case was tried, after being consolidated for the purpose of trial, without objection, with two companion cases. Between the fire and the trial long and arduous preparation was required. Proctors for the libelants represented 144 owners of 223 shipments of cargo. The cargo owners were located in many states and foreign countries. Authority had to be obtained to file claims and suits, and documents and data had to be secured as to ownership and the legal status of the parties. Additional time was consumed in the preparation and answering of interrogatories by both sides, each side objecting to certain interrogatories of the opposing side as well as to certain answers furnished to its own interrogatories. Depositions were taken of witnesses in New York and testimony by oral commission of

witnesses located in Europe was also required so that in August, 1955, the respective proctors traveled to Europe for this purpose. In Europe, respondents examined 12 witnesses and libelants examined 8 witnesses.

In view of the numerous parties involved in the suit and the diverse locations of both parties and witnesses, and in view also of the difficult issues of fact and law which required thorough preparation, I cannot say that the proceedings up to trial were delayed unreasonably. An earlier commencement of the proceedings would not have hurried matters since the time was consumed not in waiting for the case to be reached but in preparation which was seasonably begun before the suit was filed.

■ Over four years elapsed from the conclusion of trial on February 28, 1956 until an interlocutory judgment on mandate from the court of appeals was entered in this court and the suit was referred to a commissioner to fix damages. During this period the case was twice appealed to the Court of Appeals and the Supreme Court on both occasions denied certiorari. No undue delay can be attributed to libelants during this time. Their appeals were obviously not frivolous since they gained their points. Libelants will not be penalized by being denied interest for the period consumed by the appeals. See The S.C.L. No. 9, D.C.E.D.Pa., 37 F.Supp. 396.

■ · Respondents argue that denial of interest is justified because no liability was ever established until the opinion of the Court of Appeals in the second appeal. While liability was uncertain even until the final denial of certiorari, it has no bearing on the allowance of interest. If respondents' argument were accepted, no interest could be awarded in any case where there were reasonable grounds for contesting the claim until the court had first established liability.

■ There has been much discussion of the questions whether the damages were liquidated and whether, if not, respondents ought not to be absolved from any obligation to pay interest. The damages certainly were not liquidated in the sense that the damages for nonpayment of a promissory note for $1,000 are liquidated. Nevertheless I cannot see why the fact that the principal amount payable by respondents was never fixed and certain until the eve of its payment should absolve them from their duty to make libelants whole.

■■ I turn next to the question of from what date interest should accrue. I can think of no reason why any date other than the presumptive date of delivery of the cargo, July 18, 1952, should be chosen. Libelants were deprived of possession of their goods which they would, but for the fire, have had upon that day. They should have damages for the withholding of its value from that date until payment. They should, however, have no greater damages than the damage that they have suffered. If interest is awarded at the conventional rate of 6%, the fire will have forced upon respondents a loan from libelants at a rate higher than they would have had to pay elsewhere. As was done in Gardner v. The Calvert, 3 Cir., 253 F.2d 395, certiorari denied, Sound S.S. Lines, Inc. v. Gardner, 356 U.S. 960, 78 S.Ct. 997, 2 L.Ed.2d 1067. I fix the rate at 4% as that reasonable under all the circumstances of this case.

■ Libelants also seek to recover compound interest, computed on the theory that interest on each payment on account of the principal was payable on the date such payment was made, for the various periods from such respective dates until the date when a decree will be entered.

I see no more reason for assuming that the interest payable on each instalment of principal was payable at the moment of payment of the instalment of principal than for assuming that interest was payable annually during the litigation on the anniversary of the fire. If libelants think that there has been inordinate delay in the entry of the de-

cree for which respondents ought to be penalized by having interest compounded that is a different matter. If such a penalty were imposed, however, to be condign, the compounding would begin as of the date when the decree ought to have been entered, not on the dates when the payments were made. There has not, though, been any undue delay by respondents in the entry of the decree. It is true that this controversy over liability for interest which respondents fomented has held up the entry but their success in reducing the rate from 6% to 4% proves them to have been justified in fomenting the controversy. The decree which I am filing herewith does not provide for compounding of the interest.

Costs in the district court in this suit will be awarded to libelants, no sufficient reason having been. advanced to deny the award. Appellate costs in this suit have been awarded to libelants by the Court of Appeals and this court must, of course, provide for such an award in the final decree.