**AMERICAN UNION TRANSPORT CO., Inc. (of New York), Respondent and Claimant, Appellant,**

v.

**AGUADILLA TERMINAL, INC., et al., Libelants, Appellees.**

**No. 5774.**

United States Court of Appeals
First Circuit.

May 10, 1962.

---

San Juan, P. R., was on brief, for appellant.

Henry N. Longley, New York City, with whom John W. R. Zisgen, New York City, Juan E. Geigel, San Juan, P. R., Bigham, Englar, Jones & Houston, New York City, and Geigel & Silva, San Juan, P. R., were on brief, for Insurance Company of North America, appellee.

Before WOODBURY, Chief Judge, and ALDRICH and GANEY,* Circuit Judges.

WOODBURY, Chief Judge.

On June 1, 1958, Raymond Construction Company of Puerto Rico completed construction for Aguadilla Terminal, Inc., of a facility for loading sugar in bulk into ocean-going vessels. The facility consisted of structures on shore for receiving bulk sugar and a trestle, mounted on steel legs embedded in concrete caissons sunk into the ocean floor and extending 660 feet out into an open roadstead near the port of Aguadilla, supporting a conveyor belt and the machinery for moving it for carrying bulk sugar from the shore to vessels moored at the outer end of the trestle. The entire installation cost nearly 2 million dollars and was insured against physical loss or damage by a policy of insurance containing a $1,-000 deductible clause written by Insurance Company of North America.

On July 14, 1958, six weeks after the facility went into operation, the captain of the Liberty Ship "Transunion" owned by American Union Transport Co., without waiting for a pilot who he was told was on the way, undertook to dock his ship at the outer end of the trestle for loading and in doing so extensively damaged the structure.

Aguadilla Terminal, Inc., at once engaged Raymond Construction Company, which had the necessary equipment immediately available and whose personnel were thoroughly familiar with the structure having just built it, to repair the damage on a cost plus basis. Also Aguadilla and its insurer, North American, at once filed a libel *in rem* against the

Vicente M. Ydrach, San Juan, P. R., with whom Hartzell, Fernandez & Novas,

---

* By Special Assignment.

"Transunion" and *in personam* against its owner to recover for damage.

Raymond repaired the damage and Aguadilla paid it $262,715.75 for the job. Aguadilla filed proof of claim with its insurer and North American, after deducting the salvage value of damaged material retained by Aguadilla for its own use plus $1,000, paid Aguadilla $259,186.46 in reimbursement.

After full trial the court below found that the facility had been properly designed, built and constructed for its purpose, that it was adequately protected against damage from the docking and undocking of ships by a fendering system consisting of two breasting dolphins, that the collision was not caused by any fault in the construction or design of the facility but was caused solely by the negligent operation of the "Transunion" and that the reasonable, proper and necessary net cost to Aguadilla of repairing the installation and restoring it to the strength and condition it was in before the collision was $260,186.46. Wherefore it entered a decree for the libelant Insurance Company of North America for $259,186.46, for the libelant Aguadilla Terminal, Inc., for $1,000, plus interest on both sums of 6% from the date of the decree, with costs to the libelants, and in addition awarded them $10,000 for counsel fees.

■■ The evidence is sharply conflicting on the factual issues presented. Nevertheless a careful examination of the record appendices to the briefs discloses ample evidence to support the District Court's findings of fact. Recitation of the evidence in detail would serve no useful purpose. It will suffice to say that we are entirely satisfied that the findings of the court below are not "clearly erroneous," and from this it follows that they cannot be disturbed by this court on appeal, for the scope of our review in admiralty is the same as in cases governed by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. McAl-lister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20 (1954).

The award of counsel fees, however, was error.

■ It is the established local practice in Puerto Rico to award counsel fees to the prevailing party. But the present suit is in admiralty, and in admiralty there is no specific authority in the statutes, Title 28 U.S.C. §§ 1923, 1925, or the Admiralty Rules for awarding counsel fees. Lacking such authority, counsel fees are neither allowable nor taxable as costs. The Baltimore, 8 Wall. 377, 388, 19 L.Ed. 463 et seq. (1869); Daniel F. Young, Inc. v. United States, 55 F.Supp. 24, 25 (D.C.N.J.1944), and cases cited. The award of counsel fees must be stricken from the District Court's decree.

■■ It is generally recognized that allowance of interest on awards in admiralty is a matter lying within the trial court's discretion. O'Donnell Transp. Co., Inc. v. City of New York, 215 F.2d 92, 95 (C.A. 2, 1954), and cases cited; Nicodemisen v. O/S/F/V Dartmouth, 157 F. Supp. 339, 341 (D.C.Mass.1957). And although the court below did not say so explicitly, we assume that it exercised its discretion in not awarding interest prior to its decree. However, since the court below may have exercised its discretion as to interest in the light of its award of counsel fees, which cannot stand, we shall, even in the absence of cross-assignment of error, remand generally so that the court below may reconsider the matter of interest if it wishes to do so in view of the discussion in O'Donnell Transp. Co., Inc. v. City of New York, supra. We, of course, express no opinion as to what the court below should do in that regard.

There is no merit in the objection to the court's exclusion of certain evidence offered by the appellant.

Judgment will be entered setting aside the decree of the District Court and remanding the case to that Court for further consistent proceedings.