**VAN NIEVELT, GOUDRIAAN CO'S STOOMVART MAATSCHAPPIJ, N.V., Plaintiff-Appellant,**

v.

**CARGO & TANKSHIP MANAGEMENT CORPORATION, Defendant-Appellee.**

No. 332, Docket 33965.

United States Court of Appeals, Second Circuit.

Argued Dec. 3, 1969.

Decided Feb. 16, 1970.

Thomas L. Rohrer, New York City (Healy & Bailie, New York City, on the brief, Richard L. Herrmann, New York City, of counsel), for plaintiff-appellant.

John G. Poles, New York City (Poles, Tublin, Patestides & Stratakis, New York City, on the brief), for defendant-appellee.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

HAYS, Circuit Judge.

This appeal challenges so much of a judgment entered in the United States District Court for the Southern District of New York as failed to allow pre-judgment interest on the amount of appellant's recovery.

I.

Plaintiff-appellant chartered three motor vessels to defendant-appellee in 1960 and 1961 at an agreed price per deadweight ton per month, payable semi-monthly. The charters were extended beyond the original periods through the summer of 1963. However,

the charterer stopped regular payments in the fall of 1962 and the vessels were withdrawn in the late spring and early summer of 1963.

On April 9, 1964, the shipowner commenced suit against the charterer for the earned but unpaid charter hire and for certain cash expenditures. The total amount claimed was $663,789.71, and a demand was made for pre-judgment interest on that figure. The shipowner did not claim damages based upon the unexpired terms of the charters.

Although the charterers' answer was a general denial, in a pre-trial order dated June 1966, it admitted liability, disputing only the amount.[1] In that same pre-trial order, the shipowner renewed its demand for interest .

On April 16, 1969, at a pre-trial conference before Judge Edelstein, the charterer's counsel stated that he had authority to consent to a judgment. However, the shipowner had submitted amended figures for the unpaid hire[2] which reflected certain clerical adjustments in the initial computations and charterer's counsel requested a short adjournment so that his client, who was in Europe, could verify these amended figures. This request was granted.

On June 3, 1969,[3] the charterer's counsel informed the court that he was authorized to consent to judgment in the amount of $627,576.11.[4] Shipowner's counsel again raised the question of interest on the amount awarded. The court requested memoranda and held a further conference before reserving decision on this point. When the final judgment was rendered on July 2, 1969, interest was not awarded and no reasons were given for its denial.[5] We agree with the shipowner that interest should have been awarded and therefore reverse and remand to the court below for the computation of interest.

## II.

■ The charterer argues that the figure consented to was the product of a negotiated settlement which included the question of interest. The record belies this contention. The liability was liquidated and the minor adjustments were merely clerical corrections. At no time did the shipowner's counsel agree to relinquish the demand for interest.[6] In fact, he vigorously renewed the demand even after the charterer's counsel indicated that he had authority to consent to the judgment.

■ The charterer also suggests that since the question of awarding interest was within the discretion of the trial judge, it should not be disturbed on ap-

---

1. Charterer's contentions were summarized as follows in the pre-trial order:
   "[R]espondent does not agree to the extent of the damages as contended herein by libillant (sic). Libillant does not show items which should be credited to the respondent in the sense of mitigating libillents damages."

2. The amended hire figures provided for a total reduction of $36,213.60 from the figure originally pleaded.

3. On May 22, 1969 a conference was held at which time charterer's counsel informed the court that the figures had not been verified. At a conference held on June 2, 1969 charterer's counsel's associate advised the court that he was authorized to consent to the amended hire figures. However, he had no authority to consent to the cash expenditures originally pleaded, and Judge Edelstein requested that charterer's counsel appear the next day.

4. This figure represents the original amount pleaded minus the amended hire figures.

5. Judge Edelstein merely crossed out the provisions relating to interest in the proposed judgment submitted by the shipowner and signed the document.

6. This fact was recognized by the charterer's counsel, Mr. Poles, at the hearing of June 17, 1969 when he said:
   "Mr. Poles: Mr. Rohrer, [the shipowner's counsel] I think I can cut your argument short here. At no time did I mention that you had waived any interest nor in my memorandum is there any information that you did waive interest. If you reached that conclusion, that was merely a conclusion of your own—maybe by an overabundance of caution or whatever it is. I say here and now that I at no time indicated that you waived any interest.

peal. The general rule is that an admiralty court has discretion to award or deny pre-judgment interest. E. g., Lekas & Drivas Inc. v. Goulandris, 306 F.2d 426, 429 (2d Cir.1962); O'Donnell Transportation Co. v. City of New York, 215 F.2d 92, 95 (2d Cir.1954). However, this discretion is not unlimited:

> "* * * allowance of interest is the general rule and * * * disallowance is supportable only in the face of 'exceptional circumstances.' See The Wright, 2 Cir., 1940, 109 F.2d 699, 702. But it is equally clear that the rationale underlying the award of interest is the desire to make whole the injured party, see The President Madison, 9 Cir., 1937, 91 F.2d 835, 846, and the presence or absence of 'exceptional circumstances' must always be determined in the light of that purpose." *Id.*

■ This general rule in favor of allowing interest is much stronger where, as in the instant case, the damages are liquidated and are based upon a breach of contract. Cf. Gardner v. The Calvert, 253 F.2d 395, 402 (3d Cir.), cert. denied sub nom. Sound Steamship Lines Inc. v. Gardner, 356 U.S. 960, 78 S.Ct. 997, 2 L.Ed.2d 1067 (1958);[7] 5 Corbin, Contracts § 1046 (1964); 3 Benedict, Admiralty § 419 p. 191 (Knauth ed. 1940). And interest must be awarded if the shipowner is to be made whole, since it was unjustifiably deprived of the use of the money.

■ Thus unless there were "exceptional circumstances"[8] e.g., O'Donnell Transportation Co. v. City of New York, *supra*, 215 F.2d at 95, interest should have been awarded. In the record below and the arguments before this court we find no suggestion of any such "exceptional circumstances."

Accordingly, the decision as to interest is reversed and the case remanded for the award of interest.

WATERMAN, Circuit Judge (dissenting).

I, too, would remand to the district court. Unlike my brothers, however, who mandate that the court below award pre-judgment interest and add the computed amount to the district court judgment order, I would remand for an enlargement of the record.

From the record before us certain uncontrovertible facts appear. At pre-trial conferences in the presence of the judge the defendant made an offer to dispose of the case for a sum certain which the plaintiff accepted. It was agreed that this sum would be incorporated into a consent judgment order. The plaintiff claimed there should also be an award of pre-judgment interest in addition to the offered and accepted sum. The defendant claimed the offered and accepted sum had the effect of an accord and that no prejudgment interest should be awarded. The experienced trial judge asked for and received memoranda on the point, and thereafter in colloquy

7. The charterer suggests that the following language from *The Calvert* supports its position:
> "The libelant urges, however, that the principle above referred to [that the trial court has discretion to award or deny interest] applies only to collision cases and not to cases in which damages are awarded for breach of contract. We do not agree. Where damages are unliquidated and can only be established by litigation the application of the rule is a matter of discretion for the court dependent upon the circumstances of the case." 253 F.2d at 402.

This language is entirely consistent with our decision since the damages in this case were liquidated and litigation was not required for their establishment.

8. Such "exceptional circumstances" include delaying tactics on the part of the plaintiff, the continued use of damaged vessels, the absence of repairs, O'Donnell Transportation Co. v. City of New York, *supra* at 95; appealing from an order which was plainly unappealable, Petition of Wills Lines Inc., 251 F.2d 306, 310 (2d Cir.), cert. denied sub nom. Wills Lines, Inc. v. Tankport Terminals, Inc., 356 U.S. 939, 78 S.Ct. 782, 2 L.Ed.2d 814 (1958); and the fact that damages were caused by joint fault, The Wright, 109 F.2d 699, 702 (2d Cir. 1940).

with counsel explained defendant's position as he understood it:

> The Court: I think what [defense counsel] is trying to say is that any matter which is disposed of amicably, as it were, a disposition in lieu of trial—it is really not important or significant what characterization you place upon that kind of a disposition—generally speaking, by and large, unless the agreement and disposition includes interest and/or costs, as a rule both of those items are eliminated.

He then followed this summary with his own observation:

> "That is generally the way these matters are handled."

Soon after this colloquy plaintiff submitted a judgment order which set forth in separate paragraphs the agreed-upon breakdown of consented-to sums with respect to each of the three vessels. The preamble to these paragraphs contained the language "* * * and the Court further having considered the arguments of counsel with respect to the awarding of interest * * *." Each of the three paragraphs ended with the language "* * * with interest thereon at the rate of —— per cent per annum from ————— to the date of this Judgment amounting to the sum of $————; * * *." The judge struck from the submitted judgment order this latter language at each of the three places it occurred, and, two weeks after he had stated "That is generally the way these matters are handled," he filed the order so submitted to him and so modified by him.

On the basis of these uncontrovertible facts it would seem that when it prepared its judgment order plaintiff had decided that, upon the facts and circumstances of this case, plaintiff would leave to the discretion of the admiralty judge not only the rate of interest to be ordered but the date or dates from which it was to be computed; and, indeed, whether any pre-judgment interest at all was to be allowed.

Even when the exercise of judicial discretion in the content of judgment orders filed in causes arising within the court's admiralty jurisdiction is properly circumscribed by the rules of the substantive law, if libelant and respondent should by their conduct demonstrate beyond a peradventure of doubt a willingness to accept discretionary judicial action, I would think it arbitrary of an appellate court to override that willingness upon less than a full record.

Therefore, I would remand to the court below with instructions to enlarge this record by filing a written opinion in which the rationale of the denial of pre-judgment interest will be set forth.