**GRADMANN & HOLLER GMBH, et al.,**
**Plaintiffs, Appellants,**

v.

**CONTINENTAL LINES, S.A., et al.,**
**Defendants, Appellees.**

**GRADMANN & HOLLER GMBH, et al.,**
**Plaintiffs, Appellants,**

v.

**CONTINENTAL LINES, S.A., et al.,**
**Defendants, Appellees.**

**Nos. 80–1648, 80–1787.**

United States Court of Appeals,
First Circuit.

Argued Feb. 1, 1982.

Decided May 27, 1982.

Antonio M. Bird, San Juan, P. R., with whom Jose F. Sarraga, and Bird & Bird, San Juan, P. R., were on brief, for plaintiffs, appellants.

Jose Antonio Fuste, Hato Rey, P. R., with whom Jimenez & Fuste, Hato Rey, P. R., was on brief, for defendants, appellees.

Before COFFIN, Chief Judge, BOWNES and BREYER, Circuit Judges.

COFFIN, Chief Judge.

This appeal arises from two consolidated admiralty actions filed by appellants in the District Court for the District of Puerto Rico against two foreign marine carriers. Appellants sought to recover under the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 *et seq.*, for wire damaged en route to Puerto Rico from Antwerp, Belgium, and Osawa, Japan. As the litigation progressed, it became apparent that the costs would be high. Appellees informed the court that their attorneys had already had to make a five-day trip to Europe to prepare for trial, and appellants said they would be bringing witnesses from Europe, Canada, and South America. Accordingly, on August 3, 1979, the court ordered that the prevailing party would recover the extraordinary costs incurred in the preparation or defense of the case. It also noted that the question of attorneys' fees would be left until after the trial, when the court could determine whether either side had performed with contumacy or temerity. Neither party objected to the order. After trial the court dismissed the case and awarded $39,114.59 in costs and $32,865.00 in attorneys' fees against appellants. Appellants challenge that award on appeal.

### Attorneys' Fees

The court awarded attorneys' fees against appellants because it found "obstinacy, contumacy and temerity in the handling of this litigation". Appellees concede that the local Puerto Rican rule allowing the award of fees for obstinacy is not applicable to an admiralty case. *See Stephenson v. StarKist Caribe, Inc.,* 598 F.2d 676, 681–82 (1st Cir. 1977); *American Union Transport Co. v. Aguadilla Terminal, Inc.,* 302 F.2d 394, 396 (1st Cir. 1962). They also agree that the general American rule allows for the award of attorneys' fees primarily when specifically authorized by stat-

ute, authorization that they acknowledge does not exist in this instance. *See Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975); *American Union Transport Co. v. Aguadilla Terminal, Inc., supra,* 302 F.2d at 396.

Rather, appellees argue that the trial court's award of fees was proper either because the general American rule against awards should be overruled or because the award was within the court's equitable power. On the former point, we find no reason to disregard the general rule recognized by the Supreme Court, *Alyeska Pipeline Co. v. Wilderness Society, supra,* 421 U.S. at 257, 95 S.Ct. at 1621, and applied by other circuits to suits brought under the Carriage of Goods by Sea Act, as was this case, *see Noritake Co., Inc. v. M/V Hellenic Champion,* 627 F.2d 724, 730 (5th Cir. 1980); *Dempsey & Associates, Inc. v. S.S. Sea Star,* 500 F.2d 409, 411 (2d Cir. 1974).

On the latter point, we acknowledge that a court has inherent power in an admiralty suit to assess attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons". *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974). Nothing in appellees' brief, however, convinces us that an exercise of the court's equitable power was appropriate in this instance. Although the judge found that appellants had performed with obstinacy, contumacy and temerity, his finding consists of a reference to the appellees' discussion of these points in a brief filed in the district court. Having read that brief, we do not believe that it sets out with sufficient specificity conduct that would fall within the *Rich* description. We are unwilling to allow a departure from the traditional American rule on the facts of this case without more detailed explanation of the reasons justifying that departure by the trial judge.

We do not find determinative the fact that appellants did not object when the judge mentioned before trial that he would consider the appropriateness of an award for contumacy at the close of the trial. The mere mention of the possibility does not require an objection. Moreover, appellants did object when appellees submitted their petition for reimbursement of fees. Accordingly, we vacate the district court's order taxing attorneys' fees against appellants in the amount of $32,865.00.

## Extraordinary Costs

Appellants also challenge the award of $39,114.59 for extraordinary costs, an amount representing the total of the costs incurred when appellees' attorneys made a trip to Europe in preparation for the trial, deposition and transcript expenses, fees and travel expenses for expert witnesses brought from Europe, and other costs such as telex communication charges, and international telephone, postage, and investigation charges. Appellants argue that the award of costs should be limited to those costs taxable under 28 U.S.C. § 1920, such as fees for the clerk, marshal, and court reporter, limited disbursements for printing and witnesses, the cost of copying necessary papers and docket fees. They also argue that the court's August 3 order is not determinative because it was not based upon a specific determination of the necessity of the extraordinary costs of bringing expert witnesses to trial.

Ordinarily the taxation of costs would be limited to those ordinary costs authorized by § 1920. Extraordinary costs may be allowed, however, when specifically approved by the court prior to trial. *See Euler v. Waller,* 295 F.2d 765, 767 (10th Cir. 1961); *Pizarro-de-Ramirez v. Grecomar Shipping Agency,* 82 F.R.D. 327, 330 (D.P.R. 1976); *Wade v. Mississippi Cooperative Extension Service,* 64 F.R.D. 102, 105 (N.D. Miss.1974). In this instance the court in its August 3 order approved "extraordinary costs in the sense that the prevailing party to this litigation shall recover all extraordinary costs incurred in the prosecution or defense of this matter as the case may be, including, but not limited to, airfare of at-

torneys, airfare of witnesses and/or experts to be called at trial and who live in other jurisdictions, as well as the fees that these witnesses will earn as a result of their engagement."

Although a court would normally authorize extraordinary costs only upon a more detailed review of the anticipated expenditures and assessment of the necessity of each then occurred here, see *Euler v. Waller, supra,* 295 F.2d at 767, we find that the court's prospective order governs the award of the majority of the costs in this instance. First, the costs for appellees' attorneys' trip to Europe had been incurred and were known to appellants at the time the order was issued, and they were clearly covered by the order. Having failed to object at the time of the order, they cannot object now.

Second, we do not think appellants are in a position to argue that the court should have considered the necessity of the expert witnesses' testimony before establishing that their fees would be taxable. Appellants did not object to the broad order when issued and consequently have waived any opportunity to object to the ground rules at this time. They would have reaped the advantages of the broad order had they prevailed because they knew they would be bringing witnesses from Europe; they cannot be allowed to object only when it is in their interest to do so. These unusual circumstances allow us to approve without further scrutiny the award of approximately $21,000 in fees and expenses paid to expert witnesses for flying to Puerto Rico from Europe to testify at trial. The awards for telex charges, overseas postage, and international telephone calls are sustainable as necessary byproducts of these authorized extraordinary costs.

Appellants also object to the taxation of costs for depositions and transcripts and for investigation fees. Although appellants argue that the costs are not taxable under § 1920, we do not find the award of these costs to be in error.* In their motion in opposition to appellees' petition for an award of costs at the close of the trial, appellants informed the judge that investigation fees should not be awarded unless directly related to costs taxable under § 1920. At that time, however, they advanced no specific reason to believe that the charges were not related, nor do they so argue on appeal. Consequently, they give this court no cause to find that the district court abused its discretion. The same reasoning holds true for their objection to appellees' petition for reimbursement of deposition and transcript expenses. In their motion in opposition to the petition and on appeal from the award, appellants have done nothing more than recite blackletter law about how a judge should review expenses for their taxability without specifically guiding the district court's thinking or ours with respect to the taxability of these particular expenses. On these facts, we cannot find an abuse of discretion.

*We affirm that portion of the court's order awarding costs and vacate that portion awarding attorneys' fees.*

* Appellees argue that the costs are taxable under Fed.R.Civ.P. 68 which requires the payment of costs by a party who has rejected an offer of settlement and later obtains a judgment less favorable than the terms of the offer. Although appellants twice rejected offers before the costs now in question were incurred and therefore might be liable for these costs under Rule 68, there is no indication in the record that the court was urged to or did rely on Rule 68 or made the necessary preliminary finding that an appropriate offer had been made. *See Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc.,* 63 F.R.D. 607, 610 (E.D.N.Y.1974). Consequently, we analyze the award under § 1920.