RULING ON PLAINTIFF’S MOTION TO DISMISSISTRIKE CERTAIN COUNTERCLAIMS
 

 EGINTON, Senior District Judge.
 

 Plaintiff Norwalk Cove Marina filed the instant action in admiralty to recover costs related to the repair and refitting of an 88-foot, French-built sailboat known as the S/V
 
 Odysseus,
 
 ex: Rocco, Jr. Subsequently, defendants Emerald Lady, Inc. and Dennis Mehiel asserted counterclaims against Norwalk Cove and cross claims against third-party defendant Kevin Clarke. Specifically, the counterclaims/cross claims allege counts of fraud, breach of contract, and violation of the Connecticut Unfair Trade Practices Act. Now pending before the Court is Norwalk Cove’s and Clarke’s motion to dismiss/strike certain counterclaims not viable in admiralty.
 

 DISCUSSION
 

 A motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be granted only if “it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.”
 
 Hishon v. King & Spalding,
 
 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The function of a motion to dismiss “is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.”
 
 Geisler v. Petrocelli,
 
 616 F.2d 636, 639 (2d Cir.1980). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party.
 
 Cruz v. Beto,
 
 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).
 

 A.
 
 Fraud
 

 Norwalk Cove and Clarke contend that the fraud claim is based only on economic damages and therefore is not viable in admiralty law after
 
 East River Steamship Corp. v. Transamerica Delaval, Inc.,
 
 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986).
 

 East River
 
 held that “no products-liability claim lies in admiralty when the only injury claimed is economic loss.”
 
 Id.
 
 at 876, 106 S.Ct. 2295. However, the reasoning of the holding in
 
 East River
 
 is specific to the law of products liability. Accordingly, the counterclaim/cross claim of fraud will not be dismissed based on
 
 East River.
 

 B.
 
 CUTPA
 

 Norwalk Cove and Clarke argue that CUTPA, which provides for attorneys fees and punitive damages, is not cognizable in admiralty law. Defendants counter that the claim has been properly asserted.
 

 There is a strong interest in maintaining uniformity in maritime law.
 
 See Pope & Talbot, Inc. v. Hawn,
 
 346 U.S. 406, 409-10, 74 S.Ct. 202, 98 L.Ed. 143 (1953). Where a conflict arises between a state statute and judicially established admiralty law, the state law must yield to admiralty as if the admiralty law had been codified by an Act of Congress.
 
 See Wilburn Boat
 
 
 *193
 

 Co. v. Fireman’s Insurance Co.,
 
 348 U.S. 310, 314, 75 S.Ct. 368, 99 L.Ed. 337 (1955).
 

 Plaintiffs election to sue in admiralty binds the parties to the principles of admiralty law.
 
 See Camrex (Holdings) Ltd. v. Camrex Reliance Paint Company, Inc.,
 
 90 F.R.D. 313, 317 (S.D.N.Y.1981). Even though the Emerald Lady and Mehiel assert their counterclaims/cross claims in personam pursuant to diversity jurisdiction, any state law remedies must conform to federal maritime standards.
 
 Offshore Logistics v. Tallentire,
 
 477 U.S. 207, 222, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986).
 

 Admiralty law applies the “American Rule” as to attorneys fees.
 
 Gradmann & Holler GmbH v. Continental Lines,
 
 S.A, 679 F.2d 272, 273-74 (1st Cir.1982). Therefore, the Court has discretion to award attorneys fees upon a showing that opposing counsel has commenced or conducted an action in bad faith, vexatiously, wantonly or for oppressive reasons.
 
 See F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,
 
 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974).
 

 The Court may award punitive damages where a defendant’s actions were intentional, deliberate, grossly negligent, or so wanton and reckless as to demonstrate a conscious disregard for the rights of others.
 
 Muratore v. M/S Scotia Prince,
 
 845 F.2d 347, 354 (1st Cir.1988);
 
 Miles v. Melrose,
 
 882 F.2d 976, 989 (5th Cir.1989).
 

 CUTPA allows for an award of attorneys fees and punitive damages upon proof of an unfair trade practice. A practice is considered an unfair practice if it (1) offends public policy, (2) is immoral, unethical, oppressive, or unscrupulous, or (3) causes substantial injury to consumers.
 
 Willow Springs Condominium Association, Inc. v. Seventh BRT Development Corp.,
 
 245 Conn. 1, 43, 717 A.2d 77 (1998).
 

 Accordingly, CUTPA allows for the award of attorneys fees and punitive damages without meeting the standards established for such awards in admiralty law. Since CUTPA conflicts with admiralty law, the CUTPA claim will be dismissed.
 
 See Sosebee v. Rath,
 
 893 F.2d 54, 57 (3d Cir.1990) (where a case arises under the federal maritime law, a local statute awarding attorneys fees should not be applied).
 

 C.
 
 Request for Punitive Damages
 

 Norwalk Cove and Clarke assert that the request for punitive damages cannot be sustained in an admiralty action based on a breach of contract. Emerald Lady and Mehiel counter that the request for punitive damages is based on the tort allegations of fraud.
 

 Punitive damages are generally not appropriate to actions based on breach of contract unless the breach of contract is also a tort for which punitive damages are recoverable.
 
 Thyssen, Inc. v. S.S. Fortune Star,
 
 777 F.2d 57, 63 (2d Cir.1985). As stated previously, the Court may award punitive damages where a defendant’s actions were intentional, deliberate, grossly negligent, or so wanton and reckless as to demonstrate a conscious disregard for the rights of others.
 

 In this instance, the fraud counterclaim/cross claim alleges that Norwalk Cove and Clarke fraudulently induced them to enter into the contract to refit the vessel
 
 Odysseus;
 
 that Norwalk Cove and Clarke knew or should have known that these representations were false; that Norwalk Cove and Clarke had no intention to repair the vessel for the guaranteed maximum amount; and that Norwalk Cove and Clarke overbilled and double billed them. For purposes of this ruling, the Court cannot determine that Emerald Lady and Mehiel can present no evidence to support a finding of gross negligence and wanton misconduct. Therefore, the Court will not dismiss the request for punitive damages on this motion.
 

 D.
 
 Detention
 

 In their third counterclaim/cross claim, Emerald Lady and Mehiel allege that
 
 *194
 
 they are owed damages for loss of charter revenue due to Norwalk Cove’s and Clarke’s failure to complete the work on time in a skillful and workmanlike manner. Norwalk Cove and Clarke assert that an owner of a pleasure craft cannot recover damages for loss of use, also known as detention or demurrage.
 

 The loss of profits or the use of a vessel pending repairs, or other detention is a proper element of damages.
 
 The Conqueror,
 
 166 U.S. 110, 125, 17 S.Ct. 510, 41 L.Ed. 937 (1897). However, damages are not necessarily due for the detention of a vessel under repair.
 

 In
 
 The Conqueror,
 
 the Supreme Court elaborated that “demurrage will only be allowed when profits have actually been, or may reasonably supposed to have been, lost, and the amount of such profits is proven with reasonable certainty.” The key to recovery is the ability to prove loss of profits with reasonable certainty.
 
 Yarmouth Sea Products Limited v. Scully,
 
 131 F.3d 389, 395 (4th Cir.1997). There is no claim for the vessel’s time while making repairs, if it occasioned no loss of her regular trips, or other expense.
 
 See Bouchard Transportation Co., Inc. v. Tug “Ocean Prince,
 
 ” 691 F.2d 609, 612 (2d Cir.1982). Therefore, if the
 
 Odysseus
 
 was used only by its owner for recreation, there could be no recovery for detention.
 

 However, as Emerald Lady and Mehiel assert, the
 
 Odysseus
 
 could have been used for charters pursuant to 46 U.S.C. Section 30101(3)(B). The Court will leave Emerald Lady and Mehiel to prove their loss of profits with a reasonable degree of certainty.
 

 E.
 
 Inaccurate Billing, Double Billing, and/or Overbilling
 

 Norwalk Cove and Clarke urge this Court to dismiss the allegations concerning inaccurate billing, double billing and over-billing based on an interrogatory response.
 

 In their response, Emerald Lady and Mehiel indicated that they could not state specifically each instance of such billing inconsistencies since they had only performed a cursory audit of Norwalk Cove’s records. The Court does not find that this response jeopardizes the claim that such billing errors occurred.
 

 F.
 
 Impertinent Material
 

 Norwalk Cove and Clarke urge the Court to strike allegedly impertinent and unprofessional material in the counterclaims/cross claims. They cite as inappropriate the use of “low balling,” “the Big Shake Down,” and “bait and switch.”
 

 Rule 12(f) of the Federal Rules of Civil Procedure provides that, upon motion, a court may strike from a pleading “any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.” In considering a motion to strike, the court does not examine the merits of the action, but merely determines whether any matter contained in the pleading itself was improperly included. Because pleadings are to be construed liberally, motions to strike generally are not favored and will be granted only upon a showing that the allegations in question have no possible bearing on the subject matter of the litigation.
 
 Schramm v. Krischell,
 
 84 F.R.D. 294, 299 (D.Conn. 1979).
 

 After careful review, the Court will grant in part the motion to strike. Only the use of “the Big Shakedown Begins,” which connotes some type of criminal conduct, strikes this Court as impertinent and inappropriate in this context. Accordingly, the counterclaim/cross claim is to be amended to strike this language.
 

 CONCLUSION
 

 For the aforementioned reasons, the motion to dismiss/strike the counterclaims/cross claims [doc. # 29] is GRANTED in part and DENIED in part. The CUTPA claim will be dismissed.
 

 
 *195
 
 Emerald Lady and Mehiel are instructed to amend their counterclaims/cross claims in accordance with this ruling by February 20, 2000.
 

 SO ORDERED.