THE M. KÁLBFLEISCH.[1]

THE WM. FLETCHER.

PAUL v. THE M. KALBFLEISCH and THE WM. FLETCHER.

(District Court, E. D. New York. November 9, 1893.)

1. COLLISION—DAMAGES—OFFERS TO REPAIR—LOWEST OFFER.
    One who prefers to have his damaged vessel repaired where she lies, though he knows of an offer to repair at a lower figure made by another shipwright, cannot recover as damages more than the amount of the lower figure, unless he can clearly show that his vessel would have been injured by removal to the new berth.

2. SAME—DEMURRAGE—INTEREST ON DEMURRAGE.
    Interest is allowed on demurrage awarded for delay during negotiation in regard to repairs necessitated by collision.

In Admiralty. On exceptions to commissioner's report.

A loaded schooner in tow was brought in collision with another tow, without any fault of her own, and, upon suit brought, both the tugs were held liable for the damage caused. On a reference to ascertain the amount of libelant's damages, it appeared that

---

[1] Reported by E. G. Benedict, Esq., of the New York bar.

the master of the schooner on the same day, Saturday, put his vessel on a dock to prevent injury to the cargo from the leaks. On Monday the owner of the vessel appeared, and negotiations were opened for settlement and repair. A survey was called, and held Tuesday; the owner, the agents for the two tugs, and three ship-wrights,—one appointed for each vessel,—being present. An offer to repair according to the survey was made by G., on whose dock the vessel lay, and a lower offer by M., the surveyor called by one of the tugs, in writing. The surveyor called by the other tug went home, gave his measurements to a superior, and an offer to repair (which was much lower than either of the other offers) was sent by the firm A. & Co. to the agent of the second tug on Wednesday. At the time of the survey, P., the owner of the schooner, objected to having the vessel removed from the dock where she lay unless she was unloaded, fearing too great strain would be brought on the vessel. The offer of M. was shown to him; but he did not show the offer of G. to the agent of the second tug, nor did he see the offer of A. & Co., for on Wednesday, in answer to a message from P. sent through the agent of the first tug, the agent of the second tug told P. to go on, and libel for his damages. All negotiations being dropped, P., on Thursday, ordered G. & Co., on whose dock the vessel still lay, to do the repairs, giving him no particular directions, but to do no more than was necessary. The commissioner reported the amount of damages sustained, saying:

"I take as the cost of repair the sum for which an offer in writing to do the work was made at the time by a responsible firm, and add the cost of temporary repairs and transfer of the vessel from the dock where she lay to another dock, for full repair, as estimated. The judgment of the owner, that she could not be so transferred without injury, is not supported by evidence which convinces me that it was an accurate judgment. Some evidence was presented of another and still lower offer to repair the damage, but I do not think this was so brought to the knowledge of the owner as to require him to act on it. The other offer he saw and knew about, but preferred to have the vessel repaired where she lay. The expense of the dock, while the vessel lay awaiting negotiations about the repair to be closed, is allowed, and I see no reason for withholding demurrage for that time."

The commissioner allowed interest on the demurrage, following the case of Milburn v. 35,000 Boxes, 57 Fed. 237. Both parties ex-cepted, the libelant claiming that the full amount of G. & Co.'s bill for repairs should be allowed; and the claimants, that only the amount of the third offer (that of A. & Co.) should be allowed, and no demurrage for the days of negotiation.

Alexander & Ash, for libelant.
Wilcox, Adams & Green, for claimant of the M. Kalbfleisch.
Hyland & Zabriskie, for claimant of the Wm. Fletcher.

Upon hearing before the court, all the exceptions were overruled, and the report confirmed as made.