## THE SALUTATION.

Circuit Court, of Appeals, Second Circuit.
January 6, 1930.

Rehearing Denied January 22, 1930.

No. 99.

Leo J. Curren, of New York City (George V. A. McCloskey, of New York City, of counsel), for appellant.

Alexander, Ash & Jones, of New York City (Edward Ash and Max Taylor, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. On April 30, 1920, appellee's drill scow was anchored abreast of Baretto Point excavating materials from the bed of the East River, and, while it lay at anchor, the appellant's tug Salutation, with six loaded barges, came in contact with the starboard bow of the drill scow, causing damages for which the decree appealed from was entered. The appellant does not seek a reversal of the decision of the trial judge who entered the interlocutory decree holding the appellant's tug at fault. It does urge, however, that the libel should have been dismissed because appellee has failed to establish any damages resulting from this collision. The special commissioner, to whom the interlocutory decree referred the matter of damages, has found a very substantial amount as damages to the dredge, and his report has won confirmation below.

Upon disputed evidence, the commissioner found that the drill columns were down and damaged by displacement at the top of the drill columns structure from starboard to port, which resulted in bending and fracturing these parts by reason of the weight of the machinery itself. The three drill columns he found were resting on rock at the time of the collision, and the starboard drill columns and the others as well were also down at the time. The commissioner found that the preponderance of evidence established that the damages, for which he made an award of $39,584, were caused by this collision of the Salutation rather than other and subsequent collisions which took place with other vessels. He awarded these damages as the estimated cost of making repairs, even though the repairs were never actually made. Penn. R. R. Co. v. Downer Towing Corp. (C. C. A.) 11 F.(2d) 466; The Edward G. Murray (C. C. A.) 278 F. 895;

The William E. Ferguson (C. C. A.) 108 F. 984. We need but say that a review of this long record finds ample evidence to justify the commissioner's finding and the confirmation by the court below, and we will affirm such findings. The Perry Setzer (C. C. A.) 299 F. 587; The Clermont (C. C. A.) 287 F. 136; The F. B. Squire (C. C. A.) 248 F. 469.

 Interest was allowed by the commissioner, and the District Court from June 9, 1920, the time of the filing of the libel. The case was on the calendar and not tried until October 9, 1924, and the District Court did not enter the interlocutory decree until October 26, 1925. The report of the commissioner was filed January 19, 1928, and the final decree was entered January 22, 1929. This unexplained delay in the prosecution of this case should deprive the appellee of interest on the award. Indeed, it was only after a motion conditionally granted to dismiss for lack of prosecution that the case was brought to trial. Such delays are sufficient reason for forfeiting interest. The James McWilliams (C. C. A.) 240 F. 951; The Edward G. Murray (C. C. A.) 278 F. 895. Interest is discretionary in a court of admiralty. Dyer v. Nat. Steam Navigation Co., 118 U. S. 507, 6 S. Ct. 1174, 30 L. Ed. 153; J. G. Gilcrist (D. C.) 173 F. 666; The North Star (D. C.) 140 F. 263. It was an abuse of discretion to allow interest on this award of damages. In view of these delinquencies of the appellee, interest will be allowed only from January 22, 1929, the date of the final decree.

The decree is modified accordingly.

### On Rehearing.

PER CURIAM. Some of the delay in this litigation to which we referred in denying the appellee interest on the award of damages of the master was due to delay of decision by the court below. The trial judge delayed one year in finding the appellant responsible for the collision, and another District Judge delayed one year in confirming the master's report on the damages. While these unfortunate delays cannot be charged to the appellee, and should not prejudice its rights, still much of the delay in this simple litigation, due to the appellee, was inexcusable, as we indicated in our opinion.

Moreover, the claim is for unliquidated damages, shown by evidence, which, while having sufficient probative force to support the decree, was not free from uncertainty as to the extent of the loss. A wise exercise of judicial discretion requires a denial of interest on the award other than allowed in our opinion.

Application for reargument denied.