## UNITED STATES v. SHIPOWNERS & MERCHANTS TUGBOAT CO.

### No. 25871.

United States District Court
N. D. California. S. D.
March 6, 1952.

Chauncey Tramutolo, U.S. Atty., San Francisco, Cal., Keith R. Ferguson, Sp. Asst. to Atty. Gen., J. Stewart Harrison, Attorney, Department of Justice, San Francisco, Cal., for libelant.

Derby, Sharp, Quinby & Tweedt, San Francisco, Cal., for respondent.

ROCHE, Chief Justice.

This case comes here on a stipulation of facts and arises from a collision between the Tug Biddle, owned by the respondent, and the SS Golden Gate, a Liberty-type vessel owned by the libelant, United States of America, through the Maritime Commission.

It is admitted and stipulated that the respondent's vessel was solely at fault in the collision, and it is further stipulated that the respondents are entitled to limit their liability to $1,500.00 pursuant to the provisions of the Limitation of Liability Act, Title 46, U.S.C.A. §§ 183–189.

The sole issue remaining in the case is the legal issue of whether or not the estimated cost of unrepaired damage is a legally recoverable item of damage to the libelant.

It appears from the stipulation of facts that this vessel remained in the unrepaired state (except for minor temporary repairs) for 18 months after the collision. At the end of this 18-month period the vessel was then sold at a price set by law for the disposal of surplus vessels by the U.S. Maritime Commission. The law set the only legal price for which this vessel could be disposed of by the United States. See 50 U.S.C.A.Appendix, § 1736, and C.F.R. Title 46, Ch. 11, Supp. F, Sec. 299.56.

It is the contention of the respondent that since the United States received the full

statutory price for the vessel in its unrepaired state, that no loss was suffered, and consequently the libelant is not entitled to a decree for any damages other than the cost of the minor temporary repairs.

Damages in collision cases, where the repairs are not made, can be measured either by estimated cost of repairs at a time immediately following the accident, as the libelant seeks to do here, or by the diminution in the market value of the vessel. To avoid the influence of market fluctuations and price changes, either of these methods must be accomplished as soon after the collision as is reasonably possible.

Respondent cannot escape damages by showing that the vessel was sold eighteen months after the collision for a statutory sales price, he must go further and show that this sales price fairly reflected the market value of the vessel immediately prior to the collision. The subsequent sales price eighteen months after the collision has no evidentiary significance in measuring the diminution in value of the vessel caused by the collision.

The respondent's argument, in effect, seeks to take advantage of the fact that the injured party was fortunate enough to find a purchaser for the damaged vessel who was willing to pay the full statutory price. It is a well-settled principle of law that a tort-feasor cannot escape the consequences of his wrongdoing merely because his victim was fortunate enough to receive reparation from a collateral source. See 1939 Edition of the Restatement of Torts, Section 920, Comment c. The law is so well settled on this point that further citation of authority appears unnecessary. Although it is not felt that the subsequent sale at the statutory sales price necessarily constitutes a reparation for the collision damages, in any way, the application of the principle of res inter alios acta, as above stated, would prevail against respondent's contention.

It having been stipulated that the estimate of $5,400 as the cost of permanent repairs is fair and reasonable, and that respondent is entitled to limit liability to $1,500, the

value of the tug after the collision, it is the judgment of this Court that a decree be entered in favor of the libelant, United States of America, in the sum of $1,500 without interest or costs.