## SHIPOWNERS & MERCHANTS TUGBOAT CO. v. UNITED STATES.

### No. 13439.

United States Court of Appeals
Ninth Circuit.

June 11, 1953.

Writ of Certiorari Denied Oct. 12, 1953.

See 74 S.Ct. 51.

James A. Quinby, Lloyd M. Tweedt, Stanley J. Cook, and Derby, Sharp, Quinby & Tweedt, San Francisco, Cal., for appellant.

Chauncey Tramutolo, U. S. Atty., San Francisco, Cal., Keith R. Ferguson, Sp. Asst. to Atty. Gen. of Cal., and J. Stewart Harrison, Attorney, Dept. of Justice, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and JAMES M. CARTER, District Judge.

DENMAN, Chief Judge.

This is an appeal in admiralty from a decree awarding damages in the amount of $1,500 to the United States for injury to its Steamship Golden Gate in a collision with one of appellant's tugs in San Francisco Bay.

The parties are agreed (1) that the tug was solely in fault; (2) that the cost of repairing the Golden Gate's injuries is $5,650; (3) that if the appellant's contention does not prevail the decree for $1,500 is a proper determination of the tug owner's liability after limitation; and (4) that if the tug owner's contention prevails, the amount we should decree is $250.00.

After the collision $250 was spent on temporary repairs. The permanent repairs were never made. The Steamship was sold eighteen months after the collision in a damaged condition to the Chilean Line, pursuant to 50 U.S.C.A. Appendix, § 1736, enacted some eight months after the collision, for the minimum statutory price of $957,818 with no reduction for her damaged condition.

The appellant claims that because the United States eight months after the collision through its Congress enacted a law by which its vessel was to be sold "as is" at a fixed price, it lost its right of recovery against the tug company when ten months later it so sold the Steamship. We find no merit in this contention. As well it could be made if the Steamship had been sold in an ordinary sale for a price exceeding her value to the extent of $5,650.00.

It is elementary that a wrongdoer in a collision is liable for the damages to the vessel as they exist at the moment of their creation. Standard Oil Co. v. Southern Pacific Co., 268 U.S. 146, 155, 45 S.Ct. 465, 69 L.Ed. 890. The Baltimore, 8 Wall. 377, 385, 19 L.Ed. 463. The United States well could have sued and recovered its decree for $1,500 before 50 U.S.C.A. Appendix, § 1736 with its sale provisions was enacted. The absurdity of appellant's contention is apparent, for if valid the appellant then would have a claim against the United States for $1,250 upon facts nonexistent when the decree was rendered.

The cases cited by appellant concern damages arising from the inability to use the vessel after the collision, where other

events were the proximate cause of her detention and not the collision damage; The Winfield S. Cahill, 2 Cir., 258 F. 318, where detention damages were held not allowable because ship was unable to obtain cargo, being under a government blacklist; The Pocahontas, 2 Cir., 109 F.2d 929, disallowing detention damages where lay-up would have resulted in any event from a storm which arose after the collision.

The decree is affirmed.