418 F.2d 306
 The TUG JUNE S, Its Engines, Tackle, Apparel, Etc., Horton & Horton, Inc., the S/S NORTH EMPRESS, Its Engines, Tackle, Apparel, Etc., and Palamedes Compania Naviera, S.A., Appellants,
v.
BORDAGAIN SHIPPING COMPANY, Ltd., Appellee.
 No. 27551 Summary Calendar.
 United States Court of Appeals Fifth Circuit.
 October 22, 1969.
 As Amended on Denial of Rehearing December 19, 1969.
 
 Robert Eikel, Eikel & Goller, Houston, Tex., for Horton & Horton, Inc., and Tug June S.
 Charles D. Kennedy, David B. Connery, Jr., Houston, Tex., for SS North Empress and Palamedes Compania, Royston, Rayzor & Cook, Houston, Tex., of counsel.
 Alan S. Dale, Marion E. McDaniel, Jr., Houston, Tex., for appellee, Eastham, Watson, Dale & Forney, Houston, Tex., of counsel.
 Before GEWIN, GOLDBERG and CARSWELL, Circuit Judges.
 CARSWELL, Circuit Judge:
 
 
 1
 This case arises from a collision occurring on March 22, 1966, at the Port of Houston, when appellee's moored vessel, S/S BORDAPIAN, was struck and damaged by the barge of appellant, Horton and Horton, Inc., which had just previously collided with appellant's Palamedes Compania Naviera, S.A., passing vessel.[1]
 
 
 2
 Appellants' vessels were found by the trial court to be mutually at fault for the collision, and there was no appeal from this determination of liability. The sole issue upon appeal is whether it was error to allow damages to the S/S BORDAPIAN in the amount of $3,000.00, the cost of repairs in an American shipyard, when there was testimony to the effect that the repairs might be made in a Spanish or Japanese shipyard at a cost of 66% of American prices, and where no repairs had actually been made since the date of the collision. We answer this question in the negative and thereby affirm the District Court.
 
 
 3
 Where the injured vessel is not a total loss and repairs are practicable, restitution is the rule of damages in a collision case. An injured shipowner is entitled to be placed in the same position he occupied before the collision. The damages assessed should be sufficient to restore the vessel to the condition in which she was at the time the collision occurred. The Baltimore, 75 U.S. 377, 19 L.Ed. 463 (1869). Even if repairs are never effected, an injured shipowner is still entitled to recover the estimated cost of repairs therefor. United States v. Shipowners and Merchants Tugboat Co., 103 F.Supp. 152, affirmed 205 F.2d 352, certiorari denied 346 U.S. 829, 74 S.Ct. 51, 98 L.Ed. 353 (1953); Bleakley Transp. Co. v. Colonial Sand and Stone Co., 245 F.2d 576 (2nd Cir. 1957).
 
 
 4
 Appellants contend that appellee, the Bordagain Shipping Company, Ltd., will receive a windfall if it is allowed damages in the amount of $3,000.00, when it could have the repairs made in a shipyard outside the United States for $2,000.00. In the first place, appellee has received no windfall since the repairs have not been made at a lower cost. This is not a case where an injured shipowner had his damages appraised, went elsewhere and effected cheaper repairs and then contended that he was entitled to a recovery based upon the higher appraisal costs. Nor is this a case where the shipowner chose the more expensive of several available shipyards to effect repairs. If, indeed, appellee does in the future have its repairs effected at a lower cost in a foreign country, it is still entitled to recover the damages presently assessed with respect to the cost of repairs in an American shipyard upon the same principles as would allow recovery if the repairs were never made. The owner of a vessel damaged by the negligence of another is entitled to recover the reasonable cost of its restoration to as good a condition as before the collision, and this is so even though no repairs, or even partial repairs, are actually made. Bleakley Transp. Co. v. Colonial Sand and Stone Co., supra, at 578.
 
 
 5
 Appellants cite three cases[2] in support of the proposition that in the United States, where the vessel owner has the choice, he must repair at the yard where repairs can be made most cheaply and cannot recover more than such cheaper amount. These cases are all distinguishable from the case sub judice by the fact that they involve choices of shipyards only within the United States or instances where the injured shipowner actually had his repairs made at a place less expensive and then sought to recover more than his actual loss. They do not pertain to cases where the injury took place within the waters of the United States and the shipyard that will effect cheaper repairs is located in Spain or Japan, and where it is not shown that the injured vessel has been in Japanese or Spanish ports since the collision or that she will be in such ports in the future.
 
 
 6
 Even the case of Navigazione Libera, etc. v. Newtown Creek Towing Co., 98 F.2d 694 (2nd Cir. 1938), holding that a party can only recover the cheapest cost of repairs, is distinguishable from the present case in two respects. First, the court in the Newtown case was concerned with the issue of whether the shipowner could recover the cost of a spare bronze propeller used to replace a damaged iron propeller. It was held that the libellant could not claim the value of the bronze propeller when an iron propeller was damaged. In the case at bar, appellee does not seek to recover more damages than those sustained. Secondly, the shipowner in the Newtown case claimed in the alternative that he was entitled to the cost of an iron propeller in New York, rather than its lower cost in Italy. The court held that when the spare bronze propeller had been put in place, the ship did not need a new iron propeller immediately. "Though in time she would need a new one, she was bound to buy where the market was lowest: that was at Trieste." Navigazione Libera, etc. v. Newtown Creek Towing Co., supra, at 697. While this may at first glance appear to support appellants' position in the present case, it is to be noted that in the Newtown case, the injured shipowner's home port was in Italy. See The Russell No. 3, 82 F.2d 260, 262 (2nd Cir. 1936). It is extremely doubtful that the libellant would have been required to have repairs made at an Italian shipyard had his home port not been in Italy. By the same token, appellee should not be required to have repairs effected in ports located in Spain or Japan where it has not been shown that appellee regularly or frequently travels to or from those ports.
 
 
 7
 The decision of the district court awarding damages in the amount of $3,000.00 is
 
 
 8
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969)
 
 
 [2]
 The City of Chester, 34 F. 429 (S.D. N.Y.1888); The M. Kalbfleisch, 59 F. 198 (E.D.N.Y.1893); The Ames & Carroll No. 20, 66 F.2d 413 (2nd Cir. 1933)