676 F.2d 23
 INDEPENDENT BULK TRANSPORT, INC., W 8, Inc., Dominion
Transport Corp., Tarricone Transportation Corp., General
Marine Transport Corp., Sludge Tank Cleaning Corp., and
Standard Tank Cleaning Corp., Appellants,
v.
The VESSEL "MORANIA ABACO," Morania Tarpon, Inc., and
Morania Oil Tanker Corp., Appellees.
 No. 562, Docket 81-7593.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 13, 1982.
Decided March 26, 1982.
 
 Jared Stamell, New York City, for appellants.
 Robert J. Zapf, Burlingham, Underwood & Lord, New York City, for appellees.
 Before OAKES, NEWMAN and WINTER, Circuit Judges.
 OAKES, Circuit Judge:
 
 
 1
 Independent Bulk Transport, Inc. (Independent), appeals from a judgment rendered in its favor by the United States District Court for the Southern District of New York, Gerard L. Goettel, Judge, for damages occurring when six of its moored vessels were rammed by Morania Tarpon, Inc.'s vessel "Morania Abaco." The appeal relates to Judge Goettel's award of prejudgment interest at a rate of 12% calculated from the date of payment for repairs, after holding that he lacked discretion to award interest from an earlier date, and that no prejudgment interest could be allowed as to those vessels as to which the date of repairs was not proved. Independent argues that interest should be calculated from the time the collision occurred and should be fixed at the interest rates at which appellants actually borrowed to pay for the repairs, which varied from 13% to 19% during the period in question, May 1, 1978, to January 15, 1980. In light of our holding that the district court has discretion to determine when prejudgment interest begins, we reverse and remand for the district court, exercising its discretion, to determine the date from which interest should accrue here. We affirm, however, the court's use of the 12% rate.
 
 
 2
 The diminution in value of a damaged vessel generally is calculated by reference to cost of repairs plus "demurrage," which is profits lost while repairs are being made. See Demetrius Maritime Co. v. S/T "Connecticut", 463 F.Supp. 1108, 1109 (S.D.N.Y.1979) (Lumbard, J.); Gilmore & Black, The Law of Admiralty 526 (2d ed. 1975). In this case, plaintiffs' damages were limited to the cost of repairs because they were unable to prove demurrage. In addition, the district court, relying on the magistrate's recommendations, and believing its discretion limited, awarded prejudgment interest commencing only from the time plaintiffs paid for repairs, and then only with respect to the few repairs for which plaintiffs were able to establish a precise date of payment.
 
 
 3
 Although it is an abuse of discretion to deny prejudgment interest in admiralty cases except under extraordinary circumstances, see Mitsui & Co. v. American Export Lines, Inc., 636 F.2d 807, 823 (2d Cir. 1981), the district court has broader discretion to determine when interest commences and what rate of interest to apply. See The Hygrade No. 24 v. The Dynamic, 233 F.2d 444, 448 (2d Cir. 1956). In this case, the district court did not exercise discretion, but applied "(t)he rule ... that prejudgment interest is awarded from the time of payment of repairs." Because this circuit's cases do not actually establish such an ironclad rule, however, the case must be reversed and the cause remanded for an award consistent with the district court's broader discretionary authority. See O'Donnell Transportation Co. v. City of New York, 215 F.2d 92, 94 (2d Cir. 1954).
 
 
 4
 The district court's broad discretion over awards of prejudgment interest in admiralty extends to its determination of when interest begins. Prejudgment interest has often been awarded from the time of injury. See, e.g., Schroeder v. Tug Montauk, 358 F.2d 485 (2d Cir. 1966) (upholding award of prejudgment interest from the date of collision of vessels); Petition of the City of New York, 332 F.2d 1006 (2d Cir. 1964) (same). Cf. The Wright, 109 F.2d 699, 702 (2d Cir. 1940) ("the award of interest in admiralty is a matter of the court's discretion. But the cases show that this is a legal discretion, and the award is to be made whenever damages lawfully due are withheld, unless there are exceptional circumstances to justify the refusal" (emphasis added and citations omitted)); Van Nievelt Goudriaan Co's Stoomvart Maatschappij v. Cargo & Tankship Management Corp., 421 F.2d 1183 (2d Cir. 1970) (reversing denial of prejudgment interest). We have also upheld the district court's discretion to award prejudgment interest from a date after the suit commenced, see, e.g., Lekas & Drivas, Inc. v. Goulandris, 306 F.2d 426 (2d Cir. 1962); cf. Rosenthal v. Poland, 337 F.Supp. 1161 (S.D.N.Y.1972) (prejudgment interest awarded from the date the complaint was filed), or to deny prejudgment interest under appropriate circumstances, see, e.g., Afran Transport Co. v. The Bergechief, 285 F.2d 119 (2d Cir. 1960); O'Donnell Transportation Co. v. City of New York.
 
 
 5
 As the district court correctly recognized, its discretion is somewhat circumscribed in certain cases involving tort damages. The Hygrade No. 24 establishes that prejudgment interest may not accrue before payment for repairs when damages include demurrage in addition to the cost of repairs:
 
 
 6
 Interest on damages from the date of the collision is frequently allowed where the vessel is lost, rather than merely damaged. But where the vessel is a total loss, its owner may not recover demurrage, and unless allowed interest from the time of the collision there will be some period during which he will have been deprived of the use of his vessel or her money equivalent without compensation. But to grant both demurrage, which theoretically includes the owner's return on his risk capital, and interest on the owner's outlay for repairs before the outlay is made, is to put the owner in a better position than he would have been but for the collision. Hence where the vessel is damaged, rather than lost, and the owner may therefore recover damages for detention, interest on repairs generally commences on the date of disbursement.
 
 
 7
 233 F.2d at 447-48 (citations omitted). See also Petition of the City of New York, 332 F.2d at 1008 (no prejudgment interest allowable to the extent that damages include future losses). But the reasoning in The Hygrade No. 24 does not preclude interest from an earlier date in cases such as this one, in which demurrage is not recovered and there is thus no possibility of double recovery. And while interest has often been awarded from the time of payment for repairs even when no demurrage is recovered, see, e.g., Master Shipping Agency, Inc. v. M.S. Farida, 571 F.2d 131, 136 (2d Cir. 1978) (parties agreed on when interest began), in other admiralty cases involving reparable damage interest has been awarded from the date of injury, see, e.g., Schroeder v. Tug Montauk, 358 F.2d at 486; Demetrius Maritime Co. v. S/T "Connecticut", 463 F.Supp. at 1111, or from the time when repairs could have been made if the damage was not repaired, see, e.g., In re Hibbard, 27 F.2d 686, 687 (2d Cir. 1928) (interest on damages caused by collision with plaintiff's drawbridge commenced five months after collision, by which time repairs could have been made).
 
 
 8
 By applying an ironclad rule in this case, the district court reached an anomalous result: while plaintiffs could have recovered prejudgment interest had they made no repairs, see In re Hibbard; cf. O'Donnell Transportation Co. v. City of New York, 215 F.2d at 95, having made repairs, they were denied interest because of their inability to establish a precise date of payment. Reaffirming the district court's discretion to determine the date at which interest commences-be it the date of the collision, the date repairs could have been made, the date of repair, or the approximate date of payment-cures this anomaly and is consistent with the compensatory purpose of awarding prejudgment interest in admiralty cases. See Mitsui & Co., 636 F.2d at 824 ("interest on damages is a form of compensation intended to make the injured party whole"); Gulf Oil Corp. v. Panama Canal Co., 481 F.2d 561, 570 (5th Cir. 1973) ("Interest is treated as a part of the loss itself and not just for the delay in payment of the decree"). Interest is a cost of injury to the vessel "whether it is paid out in cash (for repairs) or is, in a direct operational sense, the economic disadvantage suffered as a result of the casualty." Id. at 571. See also The Hygrade No. 24, 233 F.2d at 447. Therefore, we hold that when no demurrage is awarded, the district court has discretion to award prejudgment interest from a time prior to the date of payment for repairs.
 
 
 9
 Of course, the court may properly exercise its discretion in favor of prejudgment interest from the date of payment for repairs. But it is not bound to do so. If the plaintiff chooses not to or is unable to make repairs, and damages are therefore measured "by estimated cost of repairs at a time immediately following the accident," see United States v. Shipowners & Merchants Tugboat Co., 103 F.Supp. 152, 153 (N.D.Cal.1952), aff'd, 205 F.2d 352 (9th Cir.), cert. denied, 346 U.S. 829, 74 S.Ct. 51, 98 L.Ed. 353 (1953), it might be proper to award interest from that time to compensate for lost use of unliquidated tort damages prior to judgment. Cf. The Salutation, 37 F.2d 337 (2d Cir. 1930) (proper exercise of discretion required denial of prejudgment interest in light of plaintiff's delays in litigation as well as uncertainty as to the extent of the loss); see generally Petition of the City of New York, 332 F.2d at 1008 ("when a court fixes damages to compensate for a loss which occurred in the past, there should be some allowance for the period between the date of the loss and the date of judgment. Recompense may thus be given for the further loss in the postponement of the receipt of compensation") (quoting Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583, 594 (2d Cir. 1961), cert. denied, 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526 (1962)). Where repairs are delayed as a result of some real economic disability, such as a slow cash flow or an inability to borrow, interest from an earlier date, such as the date on which repairs could have been made but for the disability, again might be appropriate. The court also may take into account other factors which generally have been relevant in determining the date from which to award interest, such as the certainty of the defendant's liability, the certainty of the amount of damages, and the responsibility for delays in litigation, see The Salutation, 37 F.2d at 338, as well as the plaintiff's ability to use the vessel in damaged condition, see O'Donnell Transportation Co. v. City of New York, 215 F.2d at 95.
 
 
 10
 The district court has equally broad discretion to fix the rate of interest. See Schroeder v. Tug Montauk, 358 F.2d at 488. The award of interest at the rate of 12% was not an abuse of the court's broad discretion. Plaintiff's position that prejudgment interest should be determined through proof of what the particular plaintiff actually paid to borrow money during the relevant period is in error. Consideration of the precise credit circumstances of the victim would inject a needless variable into these cases. Plaintiff is entitled to the income which the monetary damages would have earned, and that should be measured by interest on short-term, risk-free obligations.
 
 
 11
 Judgment reversed and remanded for action in accordance with the opinion, including the acceptance of such other evidence as the parties may wish to offer regarding the question when prejudgment interest should commence.
 
 NEWMAN, Circuit Judge (concurring):
 
 12
 Pre-judgment interest, like all other components of a damage award, compensates for some aspect of loss caused by the defendant.[1] When a plaintiff suffers partial damage to property, his principal loss is the diminished value of his property. There may be cases where the infliction of that loss causes some additional loss. When repairs are made, the plaintiff has lost the income that could have been earned on the money spent to make the repairs from the date the repairs were paid for until the date of reimbursement by the defendant. Whether or not repairs are made, there may be some cases where the existence of the loss due to partial damage to property has caused additional loss during all or some portion of the period prior to reimbursement. That may occur if the diminution in value of the property has in some economic sense been realized. Perhaps the partial damage has diminished the owner's capacity to make profits, or has reduced the price of the property upon sale. If such losses are suffered and not otherwise compensated, for example, by a specific award for lost profits, pre-judgment interest may be appropriate as a rough approximation of an additional element of damage that might not be readily provable. But unless the loss due to the partial property damage has caused some additional element of loss, it is hard to think of any reason why pre-judgment interest should be allowed.
 
 
 13
 When pre-judgment interest is awarded to compensate for some element of loss, I agree that the District Court has discretion to determine an appropriate starting date for such interest, a date that should reflect the nature of the additional loss for which the interest is awarded. In exercising its discretion in cases involving repairs to damaged property, the Court may consider whether to award pre-judgment interest from a date prior to the date of repairs, but I think it will be a rare case when such an award makes economic sense. If the interest is awarded solely to compensate for the income the plaintiff could have earned on the money spent for repairs, then it would make no sense at all to award such interest for any time prior to the expenditure.
 
 
 
 [1]
 As we have observed, the rationale for pre-judgment interest is "the desire to make whole the injured party." O'Donnell Transp. Co. v. City of New York, 215 F.2d 92, 95 (2d Cir. 1954) (Harlan, J.). See generally Annot., 36 A.L.R.2d 337 (1954). Pre-judgment interest, or interest as damages, is to be distinguished from interest on a judgment. See generally Interest on Judgments in the Federal Courts, 64 Yale L.J. 1019 (1955)