81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
COOK INLET CRUISES, INC., Plaintiff-Appellant,
v.
VECO, INC., Defendant-Appellee.
COOK INLET CRUISES, INC., Plaintiff-Appellee,
v.
VECO, INC., Defendant-Appellant.
 Nos. 94-35912, 94-36021.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided March 27, 1996.
 
 Before: FLETCHER, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 VECO, Inc. ("VECO") executed a time charter party with Cook Inlet Cruises, Inc. ("CICI") for the use of the latter's 45-foot motorized catamaran. VECO also executed a bareboat charter party for the use of a floating dock (the "Barge"). Claiming that VECO returned the Barge in damaged condition, CICI invoked a provision of the bareboat charter requiring payment of continuing daily rent for the use of the Barge until VECO repaired it. CICI also invoked the time charter's "tying" clause to extend the lease of the catamaran for the period covered by the bareboat charter. When VECO rejected CICI's demands, CICI filed the instant action in admiralty. The jury's verdict was in favor of CICI on one issue (VECO owed charter hire for Alderbrook II until December 10, 1989, when it returned the barge) and in favor of VECO on all other issues (the barge was not returned in damaged condition and VECO was entitled to recover on its counterclaim for moorage charges). In post-trial motions, CICI sought attorneys' fees and an amendment to allow prejudgment interest at the Alaska statutory rate which is higher than the federal rate. The district court denied the motion to amend and awarded fees in an amount substantially less than CICI requested. CICI has appealed, VECO has cross-appealed, and both sides seek attorney fees here.
 
 DIRECT APPEAL
 
 3
 CICI first argues that the district court erred by entering partial summary judgment in favor of VECO on CICI's claim that the charter hire obligation for the catamaran continued until VECO repaired the damaged Barge. Because the jury ultimately found that the Barge had not been returned in a damaged condition, this issue is moot.[1]
 
 
 4
 CICI next argues that the district court erred by prohibiting it from introducing evidence through expert witnesses on the issue of what constitutes ordinary wear and tear under admiralty law. CICI had not responded to VECO's interrogatories as to the expert witnesses it would call and had failed to comply with the court's pretrial order regarding disclosure of expert witness information. The district court's ruling was not a final one in that the court invited reconsideration as the evidence came in, if need for the testimony were shown. Since CICI failed to avail itself of the court's offer to request reconsideration of its ruling, we decline now to consider its claim of error.
 
 
 5
 CICI also contends that the district court erred by awarding attorney fees on only that portion of CICI's claim involving the bareboat charter. While the bareboat charter provided for recovery of attorney fees, the time charter did not. Moreover, the time charter's tying clause served only to lengthen the duration of the time charter in the event the bareboat charter was extended. Finally, the absence of an attorney fee provision in the time charter does not constitute an ambiguity to be construed against VECO as the drafter of that document. We affirm the award.
 
 
 6
 CICI's final contention is that the district court erred by awarding it prejudgment interest at the lower federal statutory rate rather than at the higher Alaska statutory rate. We affirm. See 28 U.S.C. § 1961(a), (b); Columbia Brick Works, Inc. v. Royal Ins. Co. of America, 768 F.2d 1066, 1071 (9th Cir.1985).
 
 CROSS-APPEAL
 
 7
 VECO argues on cross-appeal that the district court erred by failing to hold as a matter of law that the time charter's tying clause was unenforceable on the ground that it was actually a penalty clause masquerading as a liquidated damages clause. We reject this contention.
 
 
 8
 The Alaska cases cited by VECO have no bearing on maritime law, and the two other cases cited--Brooklyn East Dist. Terminal v. United States, 287 U.S. 170 (1932) and Prudential Lines, Inc. v. McAllister Bros., Inc., 801 F.2d 616 (2d Cir.1986)--deal with the question of whether a party claiming damages for loss of use must prove actual damages in order to recover. CICI made no claim for damages based on loss of use; instead, CICI maintained that, as long as VECO continued to exercise possession and control over the Barge, the bareboat charter remained in effect and, therefore, the time charter continued in effect as well by virtue of its tying clause.
 
 
 9
 In light of the above, we conclude that the district court did not err by holding that the tying clause effectively extended VECO's obligation to pay charter hire for the catamaran up to, but not beyond, December 10, 1989, i.e., the date of VECO's redelivery of the Barge to Homer, Alaska.
 
 CONCLUSION
 
 10
 The district court's decision is AFFIRMED in its entirety. VECO's motion to strike portions of CICI's reply brief is DENIED. The requests for attorney fees on appeal are DENIED. Each side will bear its own costs on appeal.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is largely for this same reason that we decline to reach the merits of CICI's argument concerning recusal of Judge Sedwick