**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-20283

GAINES TOWING AND TRANSPORTATION INCORPORATED,

Plaintiff-Appellee-Cross-Appellant,

v.

ATLANTIA TANKER CORPORATION; ET AL,

Defendants,

ATLANTIA TANKER CORPORATION;
NORTH AMERICAN SHIP AGENCIES;
GENERAL SHIP SERVICE INCORPORATED,

Defendants-Appellants-Cross-Appellees.

Appeals from the United States District Court
For the Southern District of Texas

October 19, 1999

Before REAVLEY, HIGGINBOTHAM, and DENNIS, Circuit Judges.
PER CURIAM:

Atlantia Tanker Corporation, North American Ship Agencies, and General Ship Services, Inc., appeal from the district court's determination that the M/T ATLANTIA, a tanker, was solely at fault for damages sustained by the M/V PATRICIA, a tug owned by Gaines Towing and Transportation, Inc. (Gaines Towing). The M/V PATRICIA moored at a dock on the Houston Ship Channel to unload a shipment of sand. After securing the barge and tug, the captain contacted the Coast Guard to obtain a slow bell

broadcast, which is a request that passing vessels significantly reduce their speed. The M/T ATLANTIA reduced its speed to 6.3 knots in response to the slow bell. Nonetheless, when the tanker passed the M/V PATRICIA it created a wall of water three to four feet high which caused the tug to surge back and forth. The M/V PATRICIA struck the rear retaining wall of the berth and sustained extensive damages as a result of the surge incident. Gaines Towing filed suit against the M/T ATLANTIA, *in rem*, and North American Ship Agencies and General Ship Services, *in personam*, to recover the cost of repairing the tug and lost profits.

The district court found that the M/V PATRICIA was properly moored at the time of the surge incident and that the M/T ATLANTIA proceeded through the channel at the minimum speed necessary to maintain control over its steerage. The district court then concluded that the M/T ATLANTIA should have taken additional precautions given that it knew the configuration of the berth, had been forewarned about other traffic and chose to proceed without the benefit of tug boats. After concluding that the M/V PATRICIA prevailed on the liability claim, the district court awarded $198,868 for damages and $15,000 for lost profits.

Both parties agree that the district court did not have *in rem* jurisdiction over the M/T ATLANTIA. Therefore, we reverse and set aside the *in rem* judgment against the M/T ATLANTIA.

After reviewing the record and considering the parties' written and oral arguments, we affirm the district court's rulings on the issue of liability for essentially the same reasons stated by the district court in its memorandum opinion. See Gaines Towing & Transportation, Inc. v. Atlantia Tanker Corp., No. 96-2339 (S.D. Tex. Feb. 2, 1998). However, the district court's award of damages and lost profits appears to have been based on errors of law and possibly on clearly erroneous findings of fact as well.

The proper measure of damages in a tort action "'is to place the injured person

2

as nearly as possible in the condition he would have occupied if the wrong had not occurred.'" Pizani v. M/V Cotton Blossom, 669 F.2d 1084, 1088 (5th Cir. 1982) (quoting Freeport Sulphur Co. v. S/S Hermosa, 526 F.2d 300, 304 (5th Cir.1976)). As corollaries to this general rule, a defendant cannot be held liable for damages that he has not been shown to have caused, or for the cost of repairs that enhance the value of the damaged property compared with its pretort condition. Id.

When a vessel is damaged in a collision or other marine casualty, the amount of recovery depends on whether it is deemed a total (or constructive total) loss or whether its partial damage justifies repair. See 2 Thomas J. Schoenbaum, Admiralty and Maritime Law §14-6, at 278 (1994). A vessel is considered a constructive total loss when the damage is repairable but the cost of repairs exceeds the fair market value of the vessel immediately before the casualty. See Ryan Walsh Stevedoring Co. v. James Marine Services, Inc., 792 F.2d 489, 491 (5th Cir. 1986). In such a case repair is not economically practicable, and the market value of the vessel is the ceiling of recovery. See Pizani, 669 F.2d at 1088; O'Brien Bros v. The Helen B. Moran, 160 F.2d 502, 505 (2d Cir. 1947). Damages for loss of use may not be awarded when the vessel is a constructive total loss. Ryan Walsh Stevedoring, 792 F.2d at 491. When a damaged vessel is not a total loss, the owner is entitled to recover the reasonable cost of repairs necessary to restore it to its precasualty condition. See The Tug June S v. Bordagain Shipping Co., 418 F.2d 306, 307 (5th Cir. 1969) (citing The Baltimore, 75 U.S. 377 (1869)).

The district court, in its memorandum opinion, remarked that "the damages may have exceeded the value of the vessel and, therefore, loss of income is essentially out of the question." (Emphasis added). Nevertheless, the district court awarded the plaintiff both damages for the cost of repairs to the M/V Patricia in the amount of $198,868 and "lost income" in the amount of $15,000 "because the time expended

3

completing repairs was excessive, in light of the damages." Thus, the district court erred as a matter of law in failing to make a clear determination of whether the damages exceeded the value of the vessel and in failing to apply consistently the appropriate legal principles required by that determination. If the vessel was a constructive total loss, the court should have awarded damages in an amount equal to the pre-collision market value of the vessel, as determined by the court, and should not have awarded any damages for loss of use of the vessel. On the other hand, if the damaged vessel was not a total loss, the court should have awarded the owner the reasonable cost of repairs necessary to restore it to its precasualty condition and actual profits lost during the detention necessary to make repairs.

Accordingly, the district court's determination of damage and award of recovery will be vacated, and the case will be remanded to the district court. On remand, the district court shall decide whether the damage to the vessel rendered it a constructive total loss or whether the repair of its partial damage is economically practicable. Based on that decision, the district court should proceed to award damages in accordance with the relevant foregoing total or partial loss principles. We do not suggest how the district court should decide the question of total or partial loss.

We point out, however, sources of several possible clearly erroneous findings of fact upon which the district court may have relied that should be more carefully analyzed and explained in the court's memorandum opinion and findings upon remand: (1) Neither the 1988 nor the 1993 survey valuing the vessel at $70,000 and $236,000, respectively, standing alone, is a reliable indication of precasualty market value of the vessel, because it did not take into consideration the condition of the tug's hull below the waterline or reflect post-survey depreciation; (2) The evidence indicates that the owner of the vessel caused a duplication of repair work without justification or explanation; (3) A survey performed two years before the casualty indicated that the

4

damage to the starboard aft corner of the vessel preexisted the surge casualty; (4) There does not appear to be any evidence that the propeller sustained damage due to an impact severe enough to have damaged the vessel's gears; (5) Plaintiff's own expert testified that the reasonable cost of repair of damage caused by the casualty was $172,000, rather than the $198,000 listed in the invoices introduced by the plaintiff.

For the reasons assigned, the district court's *in rem* judgment against the M/T ATLANTIA in favor of Gaines Towing is REVERSED for lack of *in rem* jurisdiction; the district court's judgment on the issue of *in personam* liability is AFFIRMED; the district court's award of damages is VACATED, and the cause is REMANDED for further proceedings to determine the proper amount of damages to be awarded consistent with this opinion.