**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMY HILL, as Personal Representative of the Estate of David Hill deceased and in Amy Hill's capacity as an individual,

Plaintiff-Appellee,

v.

MAJESTIC BLUE FISHERIES, LLC, a Delaware Limited Liability Company,

Defendant-Appellant.

No.    15-16507

D.C. No. 1:11-cv-00034

MEMORANDUM*

Appeal from the United States District Court
for the District of Guam
Joaquin V.E. Manibusan, Jr., Magistrate Judge, Presiding

Argued and Submitted June 13, 2017
Honolulu, Hawaii

Before:  FISHER, PAEZ and NGUYEN, Circuit Judges.

Majestic Blue Fisheries, LLC (Majestic) appeals the amended judgment

entered by the district court in favor of Amy Hill in her federal tort action arising

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

from the death of her late husband, Captain David Hill. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not err by awarding prejudgment interest on Hill's damages awarded under the Death on the High Seas Act (DOHSA). Even when the question of damages is submitted to a jury, federal law and procedure generally permit the court, as opposed to the jury, to award prejudgment interest. *See In re Slatkin*, 525 F.3d 805, 820 (9th Cir. 2008) ("*Osterneck* indicates that, even after a jury trial, the court, rather than the jury, will decide the issue of prejudgment interest under federal law." (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 (1989))). In *Glynn v. Roy Al Boat Management Corp.*, 57 F.3d 1495, 1505 (9th Cir. 1995), *abrogated on other grounds by Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009), we held that, "where a maritime claim is tried before a jury, the amount of prejudgment interest must be submitted to the jury" as well. *Glynn*, however, did not involve a claim under DOHSA. We therefore decline to extend it to this case. *See, e.g.*, *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1093-95 (5th Cir. 1988) (affirming the district court's award of prejudgment interest in a DOHSA case in which the jury, rather than the court, had awarded damages).

**2.** The district court did not abuse its discretion by awarding prejudgment interest at a rate of 6 percent. A district court has discretion to adopt the local rate

2

where, as here, the equities support doing so. *See Columbia Brick Works, Inc. v. Royal Ins. Co. of Am.*, 768 F.2d 1066, 1071 (9th Cir. 1985).

**3.** Majestic's contention that the district court improperly awarded prejudgment interest on future damages is raised for the first time in the reply brief. We therefore decline to reach the issue. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").

**4.** The district court properly denied Majestic's request for a pro tanto settlement credit. Under *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 217 (1994), a non-settling defendant's liability should be calculated with reference to the jury's allocation of proportionate responsibility, not by giving them a credit for the dollar amount of the settlement. Here, the jury allocated 100 percent of the fault to Majestic, which had elected not to ask the jury to allocate fault to Dongwon. Majestic was therefore responsible for the entire judgment. Although Majestic advances various theories for holding *McDermott* does not apply here, none of those arguments is persuasive.

**AFFIRMED.**